68474, 68810. MALERBA v. THE STATE (two cases).

(323 SE2d 666)

BENHAM, Judge.

Appellant was convicted of selling cocaine in violation of the Georgia Controlled Substances Act. In Case No. 68474, he appeals from the denial of appeal bond. For reasons of judicial economy, we will consider Case No. 68810, the appeal from the judgment of conviction, at the same time.

1. In the first enumeration of error in Case No. 68810, appellant contends that he was denied the effective assistance of counsel. A careful review of the record persuades us that that contention is without merit.

The first argument in support of the ineffective assistance of counsel contention concerns the alleged failure of counsel to subpoena material witnesses or to inform appellant that he had a right to subpoena witnesses. Appellant's defense was that the law enforcement agent who testified that appellant sold him cocaine was mistaken as to the identity of the drug dealer. In support of that defense, appellant asserted an intention to call several witnesses who knew of a man matching appellant's description and going by the name which the prosecution contended was appellant's alias. However, he only called two such witnesses and now argues that defense counsel should have ensured that the rest of the witnesses were present. The flaw in that argument is apparent after a perusal of appellant's testimony on cross-examination. When questioned about the witnesses who would identify the person for whom appellant contended he had been mistaken, appellant was unable to identify most of them with any particularity or to pinpoint their locations. Considering the vagueness of appellant's knowledge of those purported witnesses, we are not willing to hold that defense counsel was ineffective because he did not have the witnesses subpoenaed. Furthermore, considering the testimony of the two witnesses appellant did produce to establish the existence of the supposed look-alike with the similar name, we have doubts about the materiality of the testimony. Those two witnesses testified that they had seen, as a customer in restaurants at which the witnesses were employed, a man resembling appellant and using the same first name as appellant's purported alias, Jimmy. We do not find to be particularly supportive of appellant's defense the fact that there is another man of appellant's general description using the name Jimmy. Finally, considering that the two witnesses appellant did call for this purpose turned out to be employees of the same corporation for which appellant worked at the time of the offense, counsel might well have chosen, as a tactical matter, not to call any more witnesses of that type. Such decisions are a matter of strategy and tactics (*Hawes v. State*, 240 Ga. 327 (1) (240 SE2d 833) (1977)), and we can-

not say that they were wrong in this case.

Appellant also contends that defense counsel's representation was ineffective because he either failed to object to damaging and prejudicial evidence linking appellant to organized crime, or opened the door to such evidence. Again, we find that appellant is applying hindsight to a tactical decision made at trial. A state's witness testified that the file on this case had been turned over to federal authorities who had subsequently returned it without acting on the information contained therein. Defense counsel attempted to elicit testimony from which it could be inferred that the federal authorities had chosen not to prosecute appellant for this offense because the case was too weak. Unfortunately for appellant, the trial court permitted the witness to explain the "yes" and "no" answers defense counsel sought. In the course of that explanation, mention was made of an ongoing federal investigation involving appellant's former employer. While we agree with appellate counsel that the evidence adduced during that questioning was not favorable to appellant, we do not find that the effort to disparage the quality of the prosecution's case amounted to ineffective assistance of counsel just because it was unsuccessful.

The third argument under this enumeration of error is that trial counsel's failure to poll the jury after the verdict and his failure to request a charge on unanimous verdicts amounted to ineffective assistance of counsel. Since there is nothing in the record to even suggest that the verdict was other than unanimous, this argument is wholly abstract. Appellant has cited us to no authority requiring trial counsel, in order to effectively represent his client, to poll the jury or request such a charge. Under the principles set out in *Hawes*, supra, we do not agree with appellate counsel that appellant's trial counsel was ineffective.

2. The police officer who testified that he purchased cocaine from appellant testified that he was introduced to appellant by an informant. Appellant complains in his second enumeration of error that the trial court erroneously refused to conduct a hearing on his motion to reveal the identity of the informant and erroneously failed to require that the informer's identity be revealed. We disagree.

First, the record does not support appellant's contention that the trial court refused to conduct a hearing on his motion to disclose the informer's identity. In the course of considering pre-trial motions immediately before the trial began, trial counsel and the prosecuting attorney submitted the motion to the trial court on stipulated facts and both attorneys argued the issue.

Second, where, as here, the evidence shows that a person merely introduced the undercover police officer to the defendant and did not take part in the negotiation or consummation of the sale of contra-

band, that person is an informer, not a decoy. Whether to disclose the identity of such an informer is a matter of discretion for the trial judge, balancing the rights of the defendant and the rights of the State. *Miller v. State,* 163 Ga. App. 889 (2) (296 SE2d 182) (1982). We find no abuse of discretion in this case. See *Hatcher v. State,* 154 Ga. App. 770 (270 SE2d 16) (1980).

3. Appellant's third enumeration of error concerns the same evidence involved in his second argument concerning the effectiveness of trial counsel's representation: the testimony linking appellant's employer to an ongoing federal investigation. In this enumeration, appellant asserts that the evidence should not have been admitted and that the trial court should have declared a mistrial on account of that evidence. We find neither assertion to be meritorious.

Since the testimony was given in response to defense counsel's questioning, appellant is not entitled to complain on appeal about the admission of the evidence. *Perryman v. State,* 244 Ga. 720 (2) (261 SE2d 588) (1979). In addition, we note that the trial court instructed the jury not to consider the statement, in effect excluding the testimony. Considering the trial court's corrective action, we see no abuse of discretion in overruling the motion for mistrial. *Jones v. State,* 167 Ga. App. 847 (2) (307 SE2d 735) (1983).

4. In view of our affirmance of appellant's conviction, any issues involving denial of appeal bond are now moot. That being so, the appeal in Case No. 68474 is dismissed. OCGA § 5-6-48 (b) (3); *Davis v. State,* 164 Ga. App. 633 (7) (298 SE2d 615) (1982).

*Appeal dismissed in Case No. 68474. Judgment affirmed in Case No. 68810. Banke, P. J., and Pope, J., concur.*

DECIDED OCTOBER 29, 1984.

*Theodore S. Worozbyt, William A. Morrison,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Jerry W. Baxter, H. Allen Moye, Assistant District Attorneys,* for appellee.