A91A1376. POPE v. THE STATE.
A91A1377. HULSEY v. THE STATE.
(411 SE2d 557)

COOPER, Judge.

Appellants were tried jointly and convicted of armed robbery. They appeal the trial court's denial of their motions for new trial.

The evidence, viewed in a light favorable to the jury's verdict, reveals that appellants entered the victim's home and asked the victim for beer. When the victim refused, appellant Pope went to the refrigerator and, after finding beer in the refrigerator, took the beer and put it in his car without the victim's permission. Two of the victim's neighbors then arrived, and appellant Hulsey left with one of the neighbors to get more beer. The victim testified that while Hulsey was gone, Pope repeatedly picked him up by the shirt and choked him, slapped the remaining neighbor and ate the victim's supper. When Hulsey returned, the group drank the beer and eventually the neighbors, Hulsey and Pope left. Later that evening, Hulsey and Pope returned, breaking down a locked door. They ransacked the house and took a radio and speakers from the victim's bedroom. Hulsey discovered a machete and handed it to Pope. Pope held the knife to the victim's neck and stomach and demanded that the victim give them his paycheck and car title. Appellants then took a $5 bill from the victim's shirtpocket and loose change.

Appellants contend that the trial court erred in denying their motions for directed verdict based on the State's failure to prove the armed robbery charges beyond a reasonable doubt. Relying on *Hicks v. State*, 232 Ga. 393, 402-403 (207 SE2d 30) (1974), appellants argue that in order to establish armed robbery, force or fear must precede or be contemporaneous with the taking and that there was a failure of proof because the radio was taken before the machete was discovered and the victim was not certain Pope had the machete in his hand when the money was taken. However, *Hicks* is distinguishable on its

facts because in *Hicks*, the theft of the victim's wallet preceded the defendant's demand at gunpoint, and after the threat, the defendant received nothing. On the other hand, in the instant case, the $5 and change were taken immediately after Pope's deadly show of force. "[U]nder OCGA § 16-8-41 an armed robbery is committed if the weapon has been used as an instrument of constructive, as well as actual, force. [Cits.] 'When the Code speaks of *force*, it means *actual* violence; and when it speaks of intimidation, it still means force; not actual and direct, but exerted upon the person robbed, by operating upon his fears — the fear of injury to his person, or property, or character.' [Cit.]" *Maddox v. State*, 174 Ga. App. 728, 729 (1) (330 SE2d 911) (1985). The intimidating effect of the machete pointed at the victim's neck and stomach is evident. Moreover, "[t]he weapon had the desired forceful effect on [the victim] in the commission of a theft from his [residence]." Id. at 730. Thus, the evidence satisfied the statutory requisite beyond a reasonable doubt. OCGA § 16-8-41; *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgments affirmed. Birdsong, P. J., and Pope, J., concur.*

DECIDED OCTOBER 16, 1991.

*Shriver & Gordon, W. Alan Jordan*, for appellant (case no. A91A1376).

*Howard & Delaney, Stephen A. Delaney*, for appellant (case no. A91A1377).

*Garry T. Moss, District Attorney, Gregory A. Hicks, Assistant District Attorney*, for appellee.