## A92A1588. RAMEY v. THE STATE.
### (425 SE2d 385)

ANDREWS, Judge.

Ramey was convicted by a jury of armed robbery, to wit: taking a car by the use of a knife. He claims the trial court erred in denying his motion for a directed verdict because, although there was evidence he used a knife in assaulting the victim immediately prior to the robbery, there was no evidence he used the knife when he took the car.

Evidence showed that Ramey attacked the victim with a knife, tied her up, sexually assaulted her, then took the keys to the car from her jacket and stole the car. The victim testified she saw the knife when Ramey brandished it as he first attacked her. There was no evidence that the knife was visible during the continuing assault which followed, or when Ramey took the keys to the car.

"A person commits the offense of armed robbery when, with intent to commit theft, he takes property of another from the person or the immediate presence of another by use of an offensive weapon. . . ." OCGA § 16-8-41 (a). Section 16-8-41 (a) "clearly contemplates that the offensive weapon be used as a concomitant to a

taking which involves the use of actual force or intimidation (constructive force) against another person. This accords with the general rule in the United States that the force or intimidation essential to robbery must either precede or be contemporaneous with, and not subsequent to, the taking." (Citations and punctuation omitted.) *Young v. State*, 251 Ga. 153, 157 (303 SE2d 431) (1983); *Hicks v. State*, 232 Ga. 393, 403 (207 SE2d 30) (1974).

Here, there was ample evidence that, prior to the taking, Ramey attacked the victim with a knife. It makes no difference that Ramey did not thereafter hold the victim at knifepoint, or otherwise display the knife when he took the car. A concealed weapon, rather than one used directly upon the victim, may be used in a taking as an instrument of constructive force to intimidate the victim by placing her in fear of personal injury. *Pope v. State*, 201 Ga. App. 537, 538 (411 SE2d 557) (1991). "The statute [OCGA § 16-8-41 (a)] includes concealed offensive weapons provided there is either a physical manifestation of the weapon or some evidence from which the presence of a weapon may be inferred. The question is whether the defendant's acts created a reasonable apprehension on the part of the victim that an offensive weapon was being used, regardless of whether the victim actually saw the weapon." (Citations and punctuation omitted.) *Johnson v. State*, 195 Ga. App. 56, 57 (392 SE2d 280) (1990).

Applying these principles, even if there was no evidence that Ramey used the knife directly upon the victim when he took the car, the evidence was sufficient to show the presence of a concealed weapon used prior to or contemporaneously with the taking to apply constructive force to intimidate the victim. This satisfies the statutory requirement that the taking be by use of an offensive weapon. Since the evidence as a whole was sufficient to enable a rational trier of fact to conclude that the defendant was guilty of armed robbery beyond a reasonable doubt, the trial court did not err in denying the defendant's motion for a directed verdict.

*Judgment affirmed. Birdsong, P. J., and Beasley, J., concur.*

DECIDED NOVEMBER 17, 1992.

*Nancy K. Peterson*, for appellant.

*Robert E. Wilson, District Attorney, Barbara B. Conroy, Robert M. Coker, Elisabeth G. MacNamara, Assistant District Attorneys*, for appellee.