## S94A0384. MINOR v. THE STATE.
### (442 SE2d 754)

SEARS-COLLINS, Justice.

The appellant, Earnest Minor, was convicted of the rape and felony murder of a 72-year-old woman, Marie Rose Scott. The trial court merged the rape conviction into the felony murder conviction, and sentenced Minor to life in prison for felony murder.[1] Minor raises six enumerations of error. We find no error and therefore affirm.

A neighbor of the victim testified that on April 23, 1991, he was walking in front of the victim's house when she stopped him and told him she had just been raped. The neighbor added that she was shaking very badly and that he called the police. About three hours after the assault, and while being questioned in her home by the police, the victim collapsed and died from a heart attack. The autopsy confirmed the presence of sperm in the victim's vaginal area. The victim had a severely diseased heart and was significantly overweight at the time of the assault. Minor, who was 37 years old at the time of the crime, initially denied any knowledge of the rape. However, after a search warrant was issued to obtain his bodily fluids, he admitted that he had had consensual sex with the victim. The State, however, presented the testimony of two experts at trial. They testified both that the victim had in fact been raped, as opposed to having had consensual sex, and that the rape had caused the heart attack. The State also introduced the testimony of Regan Calloway, a fellow inmate of

---

[1] The rape occurred on April 23, 1991. Minor was indicted during the 1991 September Term of the DeKalb County Grand Jury. Following a jury trial, Minor was convicted and sentenced on September 24, 1992. He filed a motion for new trial on October 14, 1992, and amended motions on October 27 and November 17, 1992. The trial court denied the motion, as amended, on November 20, 1992. Minor filed a notice of appeal on December 18, 1992. Upon motions, the trial court extended the time to file the transcript to November 16, 1993. The court reporter certified the transcript on November 15, 1993. The appeal was docketed in this court on December 14, 1993. The appeal was submitted without oral argument on January 28, 1994.

Minor, who testified that Minor confessed to him that he had raped the victim after taking cocaine.

1. In his first two enumerations of error, Minor contends that the trial court erred in allowing the State's experts to testify that the victim was raped and that her death resulted from the rape. Minor argues that this testimony went to the ultimate issue to be decided by the jury and was thus inadmissible. However, because Minor did not object to the testimony at trial, he has waived his right to raise these issues on appeal. *Harper v. State*, 249 Ga. 519, 533 (10) (292 SE2d 389) (1982).

2. In his third enumeration of error, Minor contends that the Court erred in not expressly charging the jury that they should consider and render a verdict on each count, rape and felony murder, separately. Minor argues that without such an instruction, and in view of the trial court's instructions on possible jury verdicts, the jury might have mistakenly believed that if it found him guilty of rape, it was required to find him guilty of felony murder.

However, reviewing the charge as a whole, see *Gardner v. State*, 263 Ga. 197, 199 (429 SE2d 657) (1993), we conclude that the charge was correct and complete. The trial court charged the jury, in relevant part, that

> [n]o person shall be convicted of any crime unless and until each element of the crime is proven beyond a reasonable doubt and to a reasonable evidentiary certainty.

> The burden of proof rests upon the State to prove every material allegation of the indictment and every essential element of the crime charged beyond a reasonable doubt.

This instruction accurately defines the State's burden with respect to each crime charged. It admonishes the jury not only to look to the crimes individually, but to also look to the elements of each crime to determine whether the State has met its burden. Reviewing the portion of the charge on possible jury verdicts together with the foregoing charges leads us to conclude that the charge as a whole adequately instructed the jury that it had to evaluate each count of the indictment to determine whether the State had carried its burden of proof for each crime. We do not believe that a reasonable juror could have interpreted the charge to mean that if it found Minor guilty of rape it had to find him guilty of felony murder.

3. Minor also argues that the trial court erred in failing to give a charge on circumstantial evidence, pursuant to OCGA § 24-4-6,[2] de-

---

[2] OCGA § 24-4-6 provides as follows:

spite his request for such a charge. A requested charge, however, must be " 'legal, apt and *precisely* adjusted to some principle involved in the case and be authorized by the evidence.' " (Emphasis supplied.) *Hill v. State*, 259 Ga. 557, 558 (385 SE2d 404) (1989) (quoting *Estep v. State*, 181 Ga. App. 842, 844 (353 SE2d 913) (1987)). " 'If *any portion* of the request is inapt or incorrect, denial of the request is proper.' " (Emphasis in original.) *Harmon v. State*, 208 Ga. App. 271, 274 (430 SE2d 399) (1993) (quoting *Mattox v. MARTA*, 200 Ga. App. 697, 699 (409 SE2d 267) (1991)). Minor's requested charge on circumstantial evidence was not adjusted to the principles involved in the case because it also contained a charge on how the jury should treat a defendant's testimony in the context of a circumstantial evidence case. As Minor did not testify, the charge was inapt, and the trial court did not err by refusing to give it.

4. In his fifth enumeration of error, Minor contends that the trial court erred in denying his motion for a directed verdict of acquittal. We disagree. Reviewing the evidence in the light most favorable to the verdict, we conclude that a rational trier of fact could have been persuaded beyond a reasonable doubt that Minor's sexual intercourse with the victim was not consensual and that the victim's heart attack was caused by the stress of the rape. The evidence was therefore sufficient to support the conviction of felony murder. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

5. Finally, Minor contends that the trial court erred in denying his *Batson* motion. The issue is whether the trial court erred by ruling that the prosecutor did not strike one particular juror for a racially discriminatory reason. We must give this finding great deference, and cannot reverse it unless it is clearly erroneous. *Gamble v. State*, 257 Ga. 325, 327 (357 SE2d 792) (1987).

The prosecutor struck the black juror in question because she had not worked for three-four years, was apparently not seeking employment, and was a nightclub singer. The prosecutor stated that these factors showed a lack of commitment and dedication to the community. With regard to being a nightclub singer, the prosecutor further stated that it was the "type of job that [does not] show[ ] a lot of dedication to the community"; that it shows somebody is more of a "free spirit" than someone who works everyday in a more traditional job, and that a nightclub singer is likely not "going to be connected to a regular working job."

[T]o overcome an inference of discrimination in the use

---

To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused.

of peremptory strikes, the prosecution must offer concrete, tangible, race-neutral and neutrally applied reasons for its strikes. *Ford v. State*, 262 Ga. 558 (423 SE2d 245) (1992).

*Smiley v. State*, 263 Ga. 716 (1) (438 SE2d 75) (1994). The prosecutor, however, "may strike from mistake, or from ignorance, or from idiosyncracy" so long as the reasons do not relate to a juror's race. *Gamble v. State*, 257 Ga. 325, 326 (357 SE2d 792) (1987). Here, the strike based on the prosecutor's unfavorable view of unemployed nightclub singers is a racially-neutral reason, and the record does not demonstrate that similarly situated white jurors were not also stricken. We therefore cannot conclude that the trial court's finding that the prosecutor did not strike for improper racial reasons is clearly erroneous. *Gamble*, 257 Ga. at 327.

*Judgment affirmed. All the Justices concur. Hunstein, J., disqualified.*

DECIDED MAY 16, 1994.

*John H. Tarpley, Sr.,* for appellant.

*J. Tom Morgan, District Attorney, Barbara B. Conroy, John H. Petrey, Elisabeth G. MacNamara, Assistant District Attorneys, Michael J. Bowers, Attorney General, Marla-Deen Brooks, Assistant Attorney General,* for appellee.

