S96A0180. WHATLEY v. THE STATE.
(468 SE2d 751)

THOMPSON, Justice.

Rodney Whatley was convicted of malice murder and aggravated assault.[1] Although the State sought the death penalty, the jury fixed

---

[1] The crimes occurred on October 12, 1991. Whatley was indicted on October 2, 1992, and trial commenced on October 19, 1992. The jury returned its verdict on October 23, 1992. Whatley was sentenced to life in prison followed by 20 years. Whatley filed a motion for new trial on November 17, 1992, and an amended motion for new trial on August 31, 1995. The motion for new trial as amended was denied on September 5, 1995. Whatley filed a notice of appeal on September 27, 1995. The case was docketed in this Court on October 27, 1995, and submitted for consideration on briefs on December 18, 1995.

punishment at life imprisonment. Whatley appeals, asserting, inter alia, the trial court erred in allowing evidence of a photographic identification. We find no error and affirm.

Viewed in a light most favorable to the State, we find the following: Ms. Virginia Sanders was sitting in her automobile outside of a supermarket. Whatley approached and ordered her out of the car at gunpoint. He dragged Sanders to the rear of the vehicle and severely beat her by slamming her head and face into the trunk of the car. When a nineteen-year-old supermarket employee attempted to help Sanders, Whatley fired a .25 caliber handgun at him five times, striking him twice. The victim died shortly thereafter.

Whatley's fingerprints were found inside and outside of Sanders' car. Sanders picked Whatley out of a photographic array and identified him in court as the assailant.

1. The evidence was sufficient to enable any rational trier of fact to find Whatley guilty of the offenses for which he was convicted beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The trial court properly admitted into evidence the photographic identification by Virginia Sanders.

In determining whether a pretrial identification or subsequent in-court identification should be suppressed, courts must consider whether the identification procedure was impermissibly suggestive. *Neil v. Biggers*, 409 U. S. 188, 199 (93 SC 375, 34 LE2d 401) (1972); *Payne v. State*, 233 Ga. 294, 299 (210 SE2d 775) (1974). Although Whatley contends that his photograph was distinguishable from the others in the array, and unduly suggestive because he is dressed in what appears to be a prison uniform and plastic bracelet, the photograph belies this contention.

Whatley was photographed from the waist up, and his shirt did not contain prison numbers or letters identifying a jail. *Jones v. State*, 251 Ga. 361, 362 (306 SE2d 265) (1983). The clothes he wore were indistinguishable from street clothing. See *Byrd v. State*, 255 Ga. 674, 675 (341 SE2d 453) (1986). Likewise, the plastic bracelet he wore was barely visible and did not suggest that Whatley was photographed in prison. Moreover, Whatley's photo was not distinct from the others. All five men in the photographs are similar to Whatley in appearance.

Since the identification procedure was not unduly suggestive, we need not consider whether there was a substantial likelihood of irreparable misidentification. *Payne v. State*, supra at 300.

3. Although the petit jury had a substantially greater percentage of blacks than the panel, Whatley claims the state purposefully discriminated against blacks on the basis of race by using eight of its ten peremptory strikes against blacks.

It is the challenging party's burden to make out a prima facie case of purposeful discrimination by showing that "the totality of the relevant facts gives rise to an inference of discriminatory purpose." *Batson v. Kentucky*, 476 U. S. 79, 94 (106 SC 1712, 90 LE2d 69) (1986); *Gamble v. State*, 257 Ga. 325 (357 SE2d 792) (1987). If a prima facie case is established, " 'the burden shifts to the (proponent of the strike) to articulate a race neutral explanation for striking the jurors in question.' [Cit.]" *Jackson v. State*, 265 Ga. 897, 898 (463 SE2d 699) (1995). However, " 'the ultimate burden of persuasion regarding racial motivation rests with, and never shifts from the opponent of the strike.' " Id., citing *Purkett v. Elem*, ____ U. S. ____ (115 SC 1769, 131 LE2d 834) (1995), rehearing denied, ____ U. S. ____ (115 SC 2635, 132 LE2d 874) (1995).

The state struck six black jurors because they expressed their opposition to capital punishment. As to the other two black jurors, the state struck one because she was young, unemployed, had few life experiences, and was unable to keep a steady job. The other black juror was struck because she had heard something about the case and felt sympathy for the defendant.

The explanations given for the state's strikes were concrete, tangible and race-neutral. *Davis v. State*, 263 Ga. 5, 8 (10) (426 SE2d 844) (1993). A prospective juror's conscientious aversion to the imposition of the death sentence is an adequate reason to justify a strike in a death penalty case. Id.; *Tharpe v. State*, 262 Ga. 110, 112 (6) (416 SE2d 78) (1992). Likewise, a prospective juror's age, lack of employment, and familiarity with the defendant, can justify the state's exercise of a peremptory strike. See *Lingo v. State*, 263 Ga. 664, 668, n. 4 (437 SE2d 463) (1993); *Bess v. State*, 187 Ga. App. 185, 186 (369 SE2d 784) (1988). We find no error in the trial court's denial of Whatley's *Batson* motion. *Chandler v. State*, 266 Ga. 509 (467 SE2d 562) (1996); *Jackson v. State*, supra.

4. Whatley claims to have received ineffective assistance of counsel because his counsel failed to properly investigate certain aspects of his case. In this regard, Whatley asserts his counsel failed to locate or call certain witnesses to testify on his behalf.

To prove ineffective assistance of counsel, it was incumbent upon Whatley to show that defense counsel's performance was deficient and that this deficiency prejudiced his defense. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). Contrary to Whatley's assertions, his counsel investigated all the relevant aspects of Whatley's case, making every effort to locate witnesses identified by Whatley. Her decision not to call certain witnesses to the stand was reasonable, since they would have given testimony prejudicial to Whatley's defense.

Whatley failed to show that his counsel's performance fell below

an objective standard of reasonableness, *Kidwell v. State*, 264 Ga. 427, 433 (444 SE2d 789) (1994), or that further investigation was likely to have produced a different outcome at trial. *Hammond v. State*, 264 Ga. 879, 880 (452 SE2d 745) (1995).

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 15, 1996.

*Manning & Leipold, Calvin A. Leipold, Jr.,* for appellant.

*J. Tom Morgan, District Attorney, J. Michael McDaniel, Niria L. Dominguez, Assistant District Attorneys, Michael J. Bowers, Attorney General, Beth Attaway, Assistant Attorney General,* for appellee.