A97A2003. WYNN v. THE STATE.
(491 SE2d 149)

ELDRIDGE, Judge.

Appellant Randy O'Neal Wynn challenges his September 26, 1996 conviction for armed robbery.

"On appeal the evidence must be viewed in a light most favorable to the verdict, and appellant no longer enjoys a presumption of innocence; moreover, on appeal this court determines evidence sufficiency, and does not weigh the evidence or determine witness credibility. [Cits.]" *Grant v. State,* 195 Ga. App. 463, 464 (393 SE2d 737) (1990); see also *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Viewed from this perspective, the evidence in the case sub judice shows that, at approximately 12:30 a.m. on January 6, 1996, Susan Leggett was leaving a Clayton County convenience store in her Chevrolet van. As Leggett pulled out of the parking lot, she was startled by appellant, who had entered the van without her knowledge and was hiding behind the driver's seat. Appellant attempted to stab Leggett in the neck with a screwdriver and ordered her to pull over into an apartment parking lot. Leggett knocked the screwdriver away with her hand and scuffled with appellant. Leggett was able to get the van out of gear and slow it down; she then fell out of the van while it was still rolling. Appellant tried to grab Leggett, but she escaped his grasp. After watching appellant drive away in the van, Leggett ran back to the convenience store and called the police. She later testified that money was missing from the van following the robbery. Leggett also testified that she shared the van with her husband, who kept his tools in the van, including screwdrivers.

The Forest Park Police Department received a call at approximately 12:45 a.m. about a stolen van; Sergeant Morgan was dispatched to investigate. After spotting a tan van and confirming that the tag number was the same as that which had been reported, Morgan activated his lights and siren and pursued the van. Appellant, who was driving the van, did not stop, but instead drove faster. Another police car joined the pursuit, drove up next to the van, and shined an "alley light" into the driver's side window of the van. However, the police officers inside the vehicle were forced to take evasive action when appellant twice swerved the van to the left, into their lane. Shortly thereafter, appellant missed a left turn, ran up onto a curb, and drove the van into a ditch. Appellant exited the van through the passenger side door and ran into the nearby woods. After securing the perimeter of the woods, police officers searched the area and found appellant hiding beneath some bushes behind a tree. Appellant was arrested and placed in the back seat of a police car.

Within an hour, police officers brought Leggett to the area to retrieve her van; the officers later testified that Leggett was "nervous," "shaking," "crying," "very upset," "very scared," and "angry." While walking past the police car in which appellant was seated, Leggett spontaneously identified appellant as the man who attacked her and stole her van. A screwdriver, along with other tools, was found in the van.

Appellant was charged with kidnapping, armed robbery, aggravated assault, entering an auto, hijacking a motor vehicle, fleeing and attempting to elude a police officer, and reckless driving. After rejecting a proposed plea bargain, appellant was tried by a jury on September 24-26, 1996. The jury found appellant guilty of armed robbery, entering an auto, fleeing and attempting to elude a police officer, and reckless driving. Appellant was sentenced as a recidivist to life imprisonment for the armed robbery conviction and was given concurrent sentences for the other convictions. Appellant moved for a new trial, which was denied on March 6, 1997. This appeal follows. *Held*:

1. In his first enumeration of error, appellant asserts that the evidence was insufficient to support a conviction for armed robbery. Appellant claims that Leggett's statement during cross-examination that she had knocked the screwdriver out of appellant's hand proves that appellant was not armed at the time of his actual theft of the van. We are not persuaded.

"Under OCGA § 16-8-41 (a), a person commits the offense of armed robbery when, with intent to commit theft, he takes property of another from the person or the immediate presence of another by use of an offensive weapon. The force or intimidation essential to robbery must either *precede or be contemporaneous with*, and not subse-

quent to, the taking. *Young v. State*, 251 Ga. 153, 157 (303 SE2d 431) (1983)." (Punctuation omitted; emphasis supplied.) *Lowery v. State*, 209 Ga. App. 5, 6 (1) (432 SE2d 576) (1993); *Ramey v. State*, 206 Ga. App. 308 (425 SE2d 385) (1992); see also *Pope v. State*, 201 Ga. App. 537 (411 SE2d 557) (1991); cf. *Hicks v. State*, 232 Ga. 393, 403 (207 SE2d 30) (1974) (holding that defendant was not guilty of armed robbery when his theft of victim's property *preceded* any show of force). A relatively brief period of time between the use of the offensive weapon and the actual theft "does not sever [the] connection between the two acts." *Lowery v. State*, supra at 6 (1).

In the case sub judice, Leggett testified that appellant attempted to stab her in the neck with a screwdriver and, in response, she pushed appellant's hand away, knocking the screwdriver out of his hand. A scuffle ensued, during which Leggett was able to slow the van down. Moments later, she fell from the van and was able to escape. These events occurred immediately prior to appellant's theft of the van.

"Where, as here, the evidence is sufficient to authorize a finding that the theft was completed *after* force was employed against the victim, a conviction for armed robbery is authorized. . . ." (Emphasis in original.) *Francis v. State*, 266 Ga. 69, 70 (463 SE2d 859) (1995) (finding that the defendant was guilty of armed robbery for a theft that occurred immediately after he had killed the victim); see also *Jackson v. Virginia*, supra.

2. In his second enumeration of error, appellant asserts that the trial court erred in refusing to charge the jury on the lesser included offense of robbery by intimidation. However, "where the state's evidence establishes all of the elements of an offense *and there is no evidence raising the lesser offense*, there is no error in failing to give a charge on the lesser offense." (Emphasis in original.) *Edwards v. State*, 264 Ga. 131, 133 (442 SE2d 444) (1994); see also *Shepherd v. State*, 234 Ga. 75 (214 SE2d 535) (1975).

In the case sub judice, the victim testified that appellant attempted to stab her with a screwdriver while in the process of stealing her van. In response, appellant denied any involvement in the crime and asserted an alibi. Therefore, the evidence in the case sub judice did not support the proposed jury charge. In its denial of a new trial, the trial court correctly found that "the jury was authorized to find that *either* the defendant committed the completed offense of Armed Robbery or that the defendant was somewhere else at the time of the commission of the crime." (Emphasis supplied.) There was no error.

3. Appellant claims that the trial court should have found that defense counsel was ineffective, so that appellant would have been entitled to a new trial. Appellant asserts four bases for his ineffec-

tiveness claim; these bases include counsel's failure to do the following: (a) object to the State's notice of its intent to treat appellant as a recidivist; (b) exercise appellant's right to call an alibi witness; (c) investigate the victim's background for impeaching evidence; and (d) poll the jury to ensure a unanimous verdict.

" 'To prove an ineffective assistance of counsel claim, the defendant must show that trial counsel performed deficiently and that the result of the trial would have been different but for the deficiency.' " *Fargason v. State*, 266 Ga. 463, 465 (4) (467 SE2d 551) (1996); *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). "A conviction will not be reversed on the basis of ineffective assistance of counsel unless counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." (Citations and punctuation omitted.) *Adefenwa v. State*, 221 Ga. App. 429, 432 (3) (a) (471 SE2d 900) (1996). Further, " '[t]he trial court's determination that an accused has not been denied effective assistance of counsel will be affirmed on appeal unless that determination is clearly erroneous.' . . . [Cit.]" Id.

In determining whether counsel was "reasonably effective," reviewing courts must evaluate the performance at the time of the trial, and not with the benefit of hindsight. *Smith v. Francis*, 253 Ga. 782 (325 SE2d 362) (1985); *Pitts v. Glass*, 231 Ga. 638 (203 SE2d 515) (1974). "There is a strong presumption that trial counsel's performance falls within the wide range of reasonable professional assistance and that any challenged action might be considered sound trial strategy." (Citations and punctuation omitted.) *Adefenwa v. State*, supra at 433 (3) (b), quoting in part *Strickland v. Washington*, supra at 689.

(a) Prior to trial, the State gave defense counsel notice that, if appellant was convicted, they intended to present evidence upon sentencing of appellant's previous convictions for robbery and burglary. See OCGA § 17-10-2 (a). The State did not include certified copies of the prior convictions with the notice, but made the copies available for counsel's inspection immediately prior to trial.[1] Such notice was determined to be sufficient under *Williams v. State*, 162 Ga. App. 120 (290 SE2d 341) (1982). See also *Franklin v. State*, 245 Ga. 141, 149 (263 SE2d 666) (1980). Therefore, any failure to object to the timeliness of the notice would have been harmless, and counsel could not have been deemed ineffective on that basis.[2]

---

[1] Defense counsel also admitted that he was given a certified copy of one of the convictions with the State's notice that they intended to use it as a similar transaction during trial. The State later decided not to introduce evidence of a similar transaction.

[2] Notably, during the sentencing hearing, defense counsel *did* object to the admissibil-

The purpose behind requiring notice of the State's intent to offer evidence in aggravation is to afford the defense time to validate the prior offenses and investigate possible bases for exclusion of the evidence. See *Armstrong v. State*, 264 Ga. 237, 238 (442 SE2d 759) (1994); see also *Franklin v. State*, supra at 159. However, following defense counsel's objection to the admissibility of the convictions during sentencing, appellant admitted to the court that he had pled guilty to the prior crimes. Further, defense counsel admitted that he had time to prepare arguments concerning the convictions prior to the sentencing hearing. Therefore, appellant has established no harm by the State's allegedly untimely notice.

Further, although appellant asserts that the certified copies of the convictions did not indicate that the pleas were "voluntary and knowing," the evidence indicates that appellant was represented by counsel when the pleas were entered, and appellant cites to no evidence in his appellate brief that indicates that the pleas were anything other than knowing and voluntary. See Court of Appeals Rule 27 (c) (3) (i). There is no merit to this enumeration.

(b) Appellant complains that his counsel's ineffectiveness caused him to be denied the right to call an alibi witness. During the defense's case, appellant called his sister to the stand to testify that, on the evening preceding appellant's arrest, appellant was at her home. Appellant's sister testified that appellant was supposed to babysit her children, but that she and her boyfriend decided to stay home instead. She further testified that appellant played cards at her home until approximately 11:00 p.m. Appellant left his sister's home at approximately 12:30 a.m. on the morning of the robbery. His sister testified that she did not know how appellant intended to get from her home in Forest Park, Clayton County, to appellant's home ten to fifteen miles away in Atlanta, Fulton County.

Appellant's sister's boyfriend, Chris Pope, was expected to testify to the same facts and was subpoenaed by defense counsel, who had previously interviewed Pope. However, Pope did not show up at trial, and defense counsel consulted with appellant as to whether or not they should ask for a continuance until Pope's presence could be compelled. At the hearing on appellant's motion for a new trial, defense counsel testified that appellant made the decision to go ahead with the trial instead of asking for a continuance. However, appellant testified that, in making the decision to go forward with the trial without Pope's testimony, he relied on defense counsel's alleged statement that they "really wouldn't need him."

---

ity of the prior convictions on several grounds and was overruled. As such, there was no failure to object to the evidence, as asserted by appellant.

The trial court found that defense counsel provided appellant with "sufficient information to make an *informed* decision," so that counsel "was not ineffective in that respect." (Emphasis in original.) This finding is supported by the record and will not be disturbed on appeal.

(c) Appellant also asserts that he was entitled to a new trial because defense counsel failed to investigate the victim's alleged criminal background in order to determine if it contained impeaching evidence. Defense counsel testified that he believed that the State had investigated the victim's background and that, because he had not received any information from the State, he had assumed that the State did not find any information that could be used to impeach the victim at trial. Defense counsel learned after the trial that the victim had an extensive criminal history.

Without deciding whether or not defense counsel's failure to investigate rises to the level of ineffectiveness, we affirm the trial court's finding that appellant failed to present any evidence of the victim's criminal convictions which could be used at trial to impeach the victim. Although the hearing transcript shows that the victim had a record of arrests, convictions, and prison terms, there is no evidence in the record that any of the convictions would have been admissible as impeachment evidence under OCGA § 24-9-82. See *Smith v. State*, 222 Ga. App. 366, 369-370 (474 SE2d 272) (1996). Therefore, appellant has shown no harm by defense counsel's failure to investigate the victim's criminal background.

(d) Finally, appellant asserts that defense counsel should have polled the jury to establish that the verdict was unanimous. Appellant notes that the jury was given the *Allen v. United States*, 164 U. S. 492 (17 SC 154, 41 LE 528) (1896) charge after it could not reach verdicts on the following charges: kidnapping, armed robbery, aggravated assault, and hijacking a motor vehicle. Appellant did not object to the *Allen* charge. The jury subsequently acquitted appellant on three of the four charges upon which it originally was split.

A jury's initial failure to reach a verdict does not indicate that the ultimate verdict is automatically suspect. Once the jury was given the *Allen* charge, there was no further indication that the verdict was less than unanimous. Following the motion hearing, the trial court specifically found that appellant had presented no evidence that the jury's verdict was not unanimous. "Appellant has cited us to no authority requiring trial counsel, in order to effectively represent his client, to poll the jury. . . . [W]e do not agree with appellate counsel that appellant's trial counsel was ineffective." *Malerba v. State*, 172 Ga. App. 457, 458 (1) (323 SE2d 666) (1984).

Further, we find that appellant has not established a reasonable probability that the outcome of the trial would have been different

but for trial counsel's actions. Therefore, appellant has failed to carry his burden under *Strickland v. Washington*, supra.

*Judgment affirmed. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED AUGUST 11, 1997.

*Patricia F. Angeli*, for appellant.

*Robert E. Keller, District Attorney, Verda M. Andrews-Stroud, Assistant District Attorney*, for appellee.