## A02A2128. WARE v. THE STATE.
(574 SE2d 898)

JOHNSON, Presiding Judge.

Ricardo Ware was convicted of armed robbery. He appeals, arguing that the trial court erred in admitting evidence of his confession, in overruling his challenge of jury strikes used by the state, and in finding that his trial counsel was not ineffective. The arguments are without merit, and we therefore affirm Ware's conviction.

Viewed in favor of the verdict, evidence presented at trial shows that two masked men with guns entered a convenience store, demanded money from the clerk, took a drawer full of money from the cash register, and fled. Several months later, a police officer executed a municipal court arrest warrant against Ware based on his contempt of court for failure to appear at a proceeding unrelated to the armed robbery. After his arrest, Ware pled guilty to the municipal court contempt charge, and confessed to the armed robbery, signing a written statement admitting his participation in the crime.

---

[13] *Edwards v. State,* 219 Ga. App. 239, 247 (8) (464 SE2d 851) (1995).
[14] *Volcey v. State,* 200 Ga. App. 881, 883 (2) (410 SE2d 36) (1991).
[15] OCGA § 17-10-7.

1. Ware argues that the municipal court warrant on which he was arrested was invalid and therefore the trial court should have found his post-arrest confession to be inadmissible. Ware, however, did not raise this argument when he moved to suppress evidence of the confession at trial. Instead, he argued to the trial court only that the confession was not voluntary because the police made improper threats and promises to him. The trial court, in passing on the confession's admissibility, was not asked to rule on the validity of the arrest warrant. Rather, the court ruled only that the confession was admissible because Ware gave it freely and voluntarily.

Where an argument raised on appeal is entirely different from the argument made at trial, we shall not consider it because we are limited to reviewing only those grounds ruled upon by the trial court.[1] Since Ware did not argue at trial that the confession was inadmissible because the arrest warrant was invalid, he is precluded from making that argument on appeal.[2]

2. Ware contends that the trial court should have sustained his *Batson*[3] challenge to the state's use of peremptory challenges to strike five African-American women from the jury pool. Under *Batson*, a prosecutor may not strike a juror because of her race.[4] There are three steps when a criminal defendant raises a *Batson* challenge: (1) the defendant must make a prima facie showing of racial discrimination; (2) the prosecutor must then give a race-neutral explanation for the strike; and (3) the court must then decide if the defendant has proven discriminatory intent.[5] The court's finding is entitled to great deference and shall be affirmed unless clearly erroneous.[6]

In the instant case, Ware made a prima facie showing of racial discrimination by noting that all five of the peremptory strikes used by the state were against African-American women.[7] The prosecutor then offered her reasons for the strikes, stating that she struck two of the women because they have arrest records and she struck the other three women because they are unemployed. Ware's attorney conceded that the prosecutor's reasons were race-neutral and withdrew his objection to the striking of the two women with arrest records. But he maintained that the striking of jurors based on their being unemployed was improper. The prosecutor responded that one-third

---

[1] *Hill v. State*, 224 Ga. App. 208, 209-210 (2) (480 SE2d 256) (1997).
[2] See *Thomas v. State*, 224 Ga. App. 816 (1) (482 SE2d 472) (1997).
[3] *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986).
[4] *Brown v. State*, 256 Ga. App. 209 (1) (568 SE2d 62) (2002).
[5] Id.
[6] Id.
[7] See *Kelly v. State*, 209 Ga. App. 789, 790 (1) (a) (434 SE2d 743) (1993) (prosecution's exercise of nine peremptory challenges, all against African-Americans, was sufficient to create prima facie inference of racial discrimination).

of the jury pool was African-American and one-third of the 12 jurors actually selected were also African-American. Ware offered no other argument or evidence, and the trial judge then denied the *Batson* challenge.

Contrary to Ware's contention, the state may strike a prospective juror because of her lack of employment.[8] Because the state's reason for striking the women was concrete, tangible and race-neutral, the trial court's denial of the *Batson* challenge was not clearly erroneous and must be affirmed.[9]

3. Ware complains that his trial counsel was ineffective in failing to investigate the validity of the municipal court arrest warrant as a basis for suppressing his confession and in failing to investigate whether a fingerprint was taken from the convenience store and compared to another suspect's fingerprint. To establish ineffective assistance of counsel, Ware must show both that his counsel's performance was deficient and that, but for the deficiency, there is a reasonable probability the result of the trial would have been different.[10] Ware cannot make both of these showings.

As to the arrest warrant, pretermitting the issue of its validity is the question of whether the circumstances as they existed at the time of trial establish that Ware's counsel was deficient in failing to investigate its validity as a basis for suppressing Ware's confession. In this regard, we note that the copy of the warrant in the record before us appears valid on its face. The police officer who executed the warrant testified that he obtained it from the municipal court clerk's office after checking to see if there were any outstanding warrants against Ware. And a clerk's office employee confirmed that pursuant to normal procedures she discovered the existence of the outstanding warrant and gave a copy of it to the officer. She further testified that such warrants for contempt of court were routinely issued either when someone failed to appear for a hearing or when someone failed to pay a court-ordered fine.

Moreover, Ware has pointed to no evidence indicating that he ever informed his trial attorney that the warrant might have been invalid because he was not in contempt of court. On the contrary, the record reveals that the day after his arrest on the contempt warrant, Ware went before the municipal court and pled guilty to the contempt charge, and the court then fined him for that offense.

---

[8] *Whatley v. State*, 266 Ga. 568, 570 (3) (468 SE2d 751) (1996) (a juror's lack of employment can justify the state's exercise of a peremptory strike).

[9] See id.; *Johnson v. State*, 231 Ga. App. 114, 118 (2) (497 SE2d 666) (1998) (physical precedent only) (no clear error where trial court accepted juror's unemployment as race-neutral reason for strike); *Thomas v. State*, 208 Ga. App. 367, 369 (1) (430 SE2d 768) (1993) (juror unemployment a race-neutral reason for strike).

[10] *Huzzie v. State*, 236 Ga. App. 192, 194 (2) (512 SE2d 5) (1999).

Under these circumstances, we find no deficiency in counsel's decision not to investigate the validity of the warrant. Effective assistance of counsel does not mean errorless counsel or counsel deemed ineffective by hindsight.[11] A critical distinction is made between inadequate preparation and the unwise choice of trial tactics.[12] Ware's counsel did not inadequately prepare for trial, and his tactical decision to challenge the admissibility of Ware's confession on the ground of its voluntariness, rather than on the ground that the facially valid arrest warrant may have been improper, does not amount to ineffective assistance of counsel. Counsel's strategic decisions were predicated on the circumstances as they existed at the time of trial and will not be judged on hindsight.[13]

As for Ware's claim that his attorney should have investigated whether there was a fingerprint belonging to someone else at the crime scene, the state presented evidence at the motion for new trial hearing showing that no legible fingerprints were found in the convenience store. Furthermore, even if Ware could establish that a fingerprint belonging to someone else suspected of the armed robbery was in fact found at the crime scene, such a fingerprint would not necessarily exonerate Ware since there were two armed robbers. Accordingly, Ware has failed to show either that his counsel was deficient in failing to investigate this purported fingerprint evidence or that, even if deficient, such deficiency would have changed the outcome of the trial.[14]

*Judgment affirmed. Blackburn, C. J., and Miller, J., concur.*

DECIDED DECEMBER 4, 2002 

*Sinnreich & Francisco, Elizabeth R. Francisco*, for appellant.
*Howard Z. Simms, District Attorney, Dorothy A. Vinson, Assistant District Attorney*, for appellee.

---

[11] *Slade v. State*, 270 Ga. 305, 307 (2) (509 SE2d 618) (1998).

[12] Id.

[13] Id.; *Swantner v. State*, 244 Ga. App. 372, 375 (2) (a) (535 SE2d 343) (2000) (where defendant acknowledged to counsel that he possessed drugs named in indictment, counsel not ineffective in failing to investigate crime lab report regarding weight and purity of drugs).

[14] See *Swantner*, supra.