# Court of Appeals
# of the State of Georgia

ATLANTA,  August 02, 2022

*The Court of Appeals hereby passes the following order:*

## A22A1710. WILLIE C. HODGE v. THE STATE.

In 2004, a jury found Willie C. Hodge guilty of five counts of armed robbery, three counts of possessing a firearm during the commission of a crime, and one count of possessing a firearm as a convicted felon. His convictions were affirmed on appeal. See *Hodge v. State*, 287 Ga. App. 750 (652 SE2d 634) (2007). In December 2018, Hodge filed an extraordinary motion for new trial, which was denied in February 2019. Acting pro se, Hodge made a third attempt to challenge his convictions in May 2022, by filing a motion alleging that the indictment underlying his conviction was void.[1] The trial court dismissed that motion, and Hodge then filed an application for discretionary appeal, which this Court denied. See Case No. A22D0442 (decided July 25, 2022).  Hodge also filed this direct appeal. We, however, lack jurisdiction for two reasons.

First, our previous denial of Hodge's application for discretionary review was an adjudication on the merits, and therefore the doctrine of res judicata bars this direct appeal from the same trial court order. See *Northwest Social & Civic Club, Inc. v. Franklin*, 276 Ga. 859, 860 (583 SE2d 858) (2003); *Hook v. Bergen*, 286 Ga. App. 258, 260-261 (1) (649 SE2d 313) (2007).  See also *Echols v. State*, 243 Ga. App. 775, 776 (534 SE2d 464) (2000) ("It is axiomatic that the same issue cannot be relitigated

---

[1] Specifically, Hodge alleged that the indictment was illegal because the State had "failed to make [a] record of the return of the indictment by the grand jury," in violation of the Fifth and Fourteenth Amendments to the United States Constitution. «R2. 265-266»

ad infinitum.") (punctuation omitted).

Finally, although captioned as a motion to void the indictment, Hodge's most recent motion seeks to have his convictions vacated. See *Jones v. State*, 290 Ga. App. 490, 493-494 (1) & (2) (659 SE2d 875) (2008) (holding that challenges to the validly of an indictment are essentially attempts to have the judgment of conviction vacated). As the Supreme Court of Georgia has made clear, however, a post-conviction motion seeking to vacate an allegedly void conviction is not a valid procedure in a criminal case, and any appeal from the denial of such a motion must be dismissed. See *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010); *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009).

In light of the foregoing, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,   08/02/2022*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*