# Court of Appeals
# of the State of Georgia

ATLANTA,  September 02, 2025

*The Court of Appeals hereby passes the following order:*

## A26A0030. WILLIE C. HODGE v. THE STATE.

In 2004, a jury found Willie C. Hodge guilty of five counts of armed robbery, three counts of possessing a firearm during the commission of a crime, and one count of possessing a firearm as a convicted felon. The trial court sentenced him to a total term of life plus ten years imprisonment. This Court affirmed the judgment on appeal. See *Hodge v. State*, 287 Ga. App. 750 (652 SE2d 634) (2007).[1] In June 2025, Hodge filed a petition for sentence reduction, citing the "Georgia Second Look Act 2025" and raising various arguments, including that his sentence was void due to a merger error, his counsel was ineffective, and his prior convictions should not have been used to enhance his sentence. The trial court dismissed his petition, noting that the Second Look Act was only proposed legislation and did not provide a basis to modify his sentence. Hodge filed a notice of appeal to challenge the dismissal of his petition. We lack jurisdiction.

To the extent Hodge sought to challenge his judgment of conviction, the Supreme Court has made clear that a motion seeking to challenge an allegedly invalid or void judgment of conviction "is not one of the established procedures for challenging the validity of a judgment in a criminal case" and that an appeal from the dismissal of such a motion is subject to dismissal. *Roberts v. State*, 286 Ga. 532, 532

---

[1] Since then, Hodge filed an application for discretionary appeal, which this Court denied. See Case No. A22D0442 (July 25, 2022). Hodge also filed a direct appeal, which this Court dismissed for lack of jurisdiction. See Case No. A22A1710 (August 2, 2022).

(690 SE2d 150) (2010); *Harper v. State*, 286 Ga. 216, 218 (2) (686 SE2d 786) (2009).

To the extent Hodge sought modification of his sentence, under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010). Once, as here, that statutory period expires, a trial court may modify only a void sentence. Id. A direct appeal does not lie from a trial court order rejecting a request to modify a sentence filed outside the statutory time period unless the defendant raises a colorable claim that the sentence is, in fact, void. See id. Although Hodge contends generally that his sentence was void due to a merger error, he does not identify any alleged error. Thus, he has not raised a colorable void-sentence claim.

Finally, the issues Hodge raises have or could have been litigated in his prior appeals. See *Echols v. State*, 243 Ga. App. 775, 776 (534 SE2d 464) (2000) ("[T]he same issue cannot be relitigated ad infinitum. The same is true of appeals of the same issue on the same grounds.") (punctuation omitted); *Ross v. State*, 310 Ga. App. 326, 327 (713 SE2d 438) (2011) (dismissal of previous appeal constitutes binding law of the case even though appeals court did not reach the merits of the claim in the prior case). Accordingly, we lack jurisdiction over this appeal, which is hereby DISMISSED.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta,__09/02/2025_____

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____ , Clerk.