S96A0123. HARTMAN v. THE STATE.
(469 SE2d 163)

FLETCHER, Presiding Justice.

A jury convicted William Anthony Hartman of malice murder in the shooting death of John Daniel Bearden, Jr., aggravated battery and aggravated assault in the shooting of Eugene William Meeks, and burglary and the possession of a firearm during the commission of a crime.[1] He appeals contending that the trial court erred in admitting

---

[1] The crimes occurred October 14, 1994. A special presentment was filed on December 1, 1994. Hartman was found guilty by a jury on February 9, 1995; sentenced on February 10, 1995 with an amended sentence filed on August 31, 1995. Under the amended sentence, Hartman received life for murder, a consecutive twenty-year sentence for the merged counts of aggravated assault and aggravated battery, a consecutive twenty-year sentence for burglary and a consecutive five-year sentence for possession of a firearm. Hartman filed a motion for new trial on March 7, 1995, amended it on June 20, 1995 and July 19, 1995. The trial court denied the motion on August 29, 1995. Hartman filed a notice of appeal on September 25,

"bad character" evidence and that the trial court improperly increased his sentence. Because the "character" evidence was admissible to show motive and because the court had the authority to conform the sentence to a statutory requirement, we affirm.

The evidence at trial showed that on October 13, 1994, Hartman got drunk and was thrown out of the bar at the Holiday Inn in Dalton. He then talked Butch Ivey into driving him to the residence of Bearden, whom Hartman believed had informed on him to the police. Bearden and Meeks were inside the residence and when Bearden answered Hartman's knock, Hartman shot him with a 12 gauge shotgun. Hartman then shot Meeks in the back as he tried to flee. Both Ivey and Meeks testified against Hartman.

1. After reviewing the evidence in the light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have found Hartman guilty of the crimes charged beyond a reasonable doubt.[2]

2. Hartman contends that the state improperly introduced evidence of his "bad character" when two witnesses testified about his prior arrest on drug charges. This evidence was relevant because the state contended that Hartman's motive for the murder was his belief that the victim had snitched on him, resulting in his drug arrest. Hartman also contends this was prior difficulties evidence between himself and the victim and the state failed to follow the procedure set forth in *Maxwell v. State*.[3] Hartman, however, failed to raise this ground as an objection at trial, and may not raise it for the first time on appeal.[4] Regarding the other "bad character" testimony of which Hartman complains, either the trial court sustained Hartman's objections, or Hartman failed to object to the testimony and, therefore, he failed to preserve these issues for appeal.[5]

At trial, the state introduced a tape-recording of a conversation among Hartman, his sister, and their mother. Hartman contends that the tape was inadmissible because it contained references to Hartman's prior drug use and because Hartman used obscene language during the conversation and, therefore, the tape demonstrated Hartman's bad character. A review of the record shows that the tape did impeach the testimony of Hartman and his sister and, therefore, was relevant and admissible in spite of the tape's negative reflection on Hartman's character.[6]

---

1995. The appeal was docketed in this Court on October 18, 1995 and submitted for decision on briefs on December 11, 1995.

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] 262 Ga. 73 (414 SE2d 470) (1992).

[4] *Prince v. State*, 257 Ga. 84, 86 (355 SE2d 424) (1987).

[5] *Earnest v. State*, 262 Ga. 494, 495 (422 SE2d 188) (1992).

[6] Id. at 495.

3. Hartman also contends that the tape was inadmissible under OCGA §§ 16-11-62 and 16-11-67. Those statutes apply only to intentional interception of conversations. The conversation here was inadvertently recorded on a third person's answering machine when Hartman's sister failed to disconnect a line in multi-party conversation.

4. Hartman contends that his trial counsel was ineffective in several respects.[7] After reviewing the record, we conclude that Hartman has failed to make the required showing of prejudice.[8]

5. The trial court originally sentenced Hartman to five years on the possession of a firearm count, with the sentence to run concurrently with the 20-year sentence on the burglary count. After Hartman filed a motion for new trial, the trial court amended the sentence so that the sentence on the possession charge would run consecutively to the burglary count. OCGA § 16-11-106 (b) requires that a sentence on a charge of possession of a firearm during the commission of a felony run consecutively to any other sentence imposed. The trial court's original sentence was contrary to this statute. Therefore, the trial court did not err in amending the sentence to conform to the law.[9]

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 29, 1996.

*Michael R. McCarthy*, for appellant.
*Jack O. Partain, District Attorney, Michael J. Bowers, Attorney General, Beth Attaway, Assistant Attorney General*, for appellee.

---

[7] Hartman contends his trial counsel was ineffective in failing to file a motion to suppress Meeks' identification testimony; in failing to object to the tape recording; in failing to meet with Hartman more than once; in failing to request a fingerprint analysis of the murder weapon; in failing to object to the calling of witnesses who he knew would invoke the Fifth Amendment privilege against self-incrimination; in failing to prepare Hartman for cross-examination; and in failing to object to improper character evidence.

[8] *Strickland v. Washington*, 466 U. S. 668, 694-696 (104 SC 2052, 80 LE 2d 674) (1984).

[9] *Heard v. Gill*, 204 Ga. 261 (49 SE2d 656) (1948) (trial courts retain authority to correct void sentence by imposing legal sentence following a plea or verdict of guilty).