### A97A0713. STIRRAT v. THE STATE.
(486 SE2d 640)

BLACKBURN, Judge.

Reno James Stirrat appeals his convictions on two counts of aggravated assault, contending that the evidence was insufficient to support the verdict. He also contends the court erred in allowing testimony regarding prior similar transactions and in failing to give a requested jury charge.[1]

1. Stirrat argues that the evidence was insufficient to support the verdict, as there was insufficient evidence identifying him as the assailant. "On appeal from a criminal conviction, the evidence is construed in the light most favorable to the verdict of guilt, and the presumption of innocence no longer applies. An appellate court does not weigh the evidence or judge the credibility of the witnesses but only determines whether the adjudication of guilt is supported by sufficient competent evidence." *Belins v. State*, 210 Ga. App. 259 (1) (435 SE2d 675) (1993).

Viewed in the light most favorable to the verdict, the evidence was as follows. Stirrat and the victim, Linda Gail McLeod, began dating in March 1994. In July 1994, Stirrat moved into McLeod's condominium, where they lived with another couple, Richard Shell and Juliet Dickinson. In December 1994, McLeod asked Stirrat to move out of the condominium. Stirrat moved out in January 1995.

Shortly after Stirrat moved out, McLeod began receiving telephone calls late at night, and the caller would hang up. When confronted by Dickinson, Stirrat denied that he was making the calls. The hang-up calls stopped after this conversation.

On March 1, 1995, McLeod left her condominium about 5:45 a.m. to go swimming. She was a triathlete and swam several times a week at this time, including while she was living with Stirrat. As she left her condominium, she noticed that her car was missing from the

---

[1] Stirrat also enumerated as error the alleged ineffective assistance of his trial counsel. However, because the trial counsel did not testify at the hearing on Stirrat's motion for new trial, Stirrat has not pursued this issue in his appellate brief. See *Sterling v. State*, 223 Ga. App. 490 (478 SE2d 145) (1996). Accordingly, this enumeration is deemed withdrawn.

parking lot. About a week previously, her car keys had been stolen from her coat pocket at the clinic where she worked. As she looked for her car, she saw a man dressed in dark clothing, wearing a ski mask, and holding a knife. The man said in a deep voice, "I'm gonna get you." McLeod turned and ran back up the stairs toward her condominium. The man followed her and stabbed her several times with the knife in front of the door to her condominium.

Shell, one of McLeod's roommates, was awakened by McLeod's screams. He opened the front door and saw the man in black kneeling over McLeod. The man turned to Shell and said, "Don't come out here, Richard, or I'll kill you too." Shell immediately recognized the voice as belonging to Stirrat. When Shell shut the glass door, the man reached out to grab the door handle, at which time Shell noticed that the man was holding a military-style knife. Shell saw the man stab McLeod with his left hand while holding the door with his right. Shell yelled at the man to leave, and told his girl friend, "Juliet, it's Reno. Get the police. Call the police." The man then ran off.

At trial, Shell testified that he immediately recognized Stirrat's voice as soon as he spoke, and that he was certain of his identification. He also recognized Stirrat from the physical build of the man's body. McLeod testified that she recognized Stirrat from his body motion as he ran away. Steven Goldschlager, a friend of McLeod and Stirrat, testified that in late January or early February 1995, Stirrat told him he was upset about his breakup with McLeod. Goldschlager testified that Stirrat said he had awakened one morning and felt so upset he could have killed McLeod.

Under the facts set forth above, "[t]he voice identification testimony and the circumstantial evidence were more than sufficient to enable a rational trier of fact to find defendant guilty of the offenses for which he was convicted beyond a reasonable doubt." *Stevanus v. State*, 185 Ga. App. 7, 10 (1) (363 SE2d 322) (1987). See also *Thomas v. State*, 222 Ga. App. 120 (473 SE2d 251) (1996) (probative value to be accorded voice identification evidence is matter for jury's determination).

2. Stirrat contends the trial court erred in allowing testimony regarding the hang-up calls and the theft of McLeod's car and car keys. Stirrat contends that such testimony constituted evidence of similar transactions, and that the court erred in allowing such testimony because the State did not provide notice of its intent to present such testimony and because the court did not hold a similar transaction hearing pursuant to Uniform Superior Court Rule 31.3. Stirrat did not raise these objections at trial, but merely objected on the grounds of relevance.

(a) Assuming the evidence to be similar transaction evidence, we address the issue of whether Stirrat waived any objection to such evi-

dence by failing to object thereto at trial. This Court has held that "the defendant's failure to object to the admission of similar transaction evidence on the basis that a Rule 31.3 (B) hearing was not conducted does not constitute a waiver of the procedure dictated by Rule 31.3 (B) and does not preclude our consideration of this issue on appeal." *Riddle v. State*, 208 Ga. App. 8, 11 (1) (b) (430 SE2d 153) (1993); see also *White v. State*, 213 Ga. App. 429, 430 (445 SE2d 309) (1994). However, although the Supreme Court has not expressly overruled *Riddle* and its progeny, two recent Supreme Court cases have called into question the continued vitality of this rule, at least with respect to cases involving evidence of prior difficulties between the defendant and the victim.[2]

In *Hartman v. State*, 266 Ga. 613, 614 (2) (469 SE2d 163) (1996), the defendant argued on appeal that the trial court improperly allowed evidence of prior difficulties between himself and the victim because "the state failed to follow the procedure set forth in *Maxwell v. State*," which requires a hearing before introduction of prior difficulty evidence. In rejecting this argument, the Supreme Court held that "[the defendant], however, failed to raise this ground as an objection at trial, and may not raise it for the first time on appeal." (Footnote omitted.) *Hartman*, supra at 614 (2).

In *Williams v. State*, 267 Ga. 308, 309-310 (477 SE2d 570) (1996), the defendant argued for the first time on appeal that the State had failed to provide notice of its intent to present evidence of prior difficulties under the procedure set forth in *Maxwell*. Citing *Hartman*, the Supreme Court held that the defendant, having failed to object at trial, could not raise the issue on appeal. *Williams*, supra at 310. As we are bound by the holdings of our Supreme Court, Stirrat would have waived any objection to the subject evidence if it were similar transaction or prior difficulties evidence.

(b) However, the testimony in question does not amount to similar transaction evidence requiring notice and a hearing. With respect to the theft of the car and car keys, the State presented evidence that, approximately a week before the attack, McLeod's car keys were stolen from her lab coat while at work. Evidence was also presented that the car was missing from the parking lot on the morning of the attack and was found later that day with the steering mechanism undamaged. The State's theory was that Stirrat moved McLeod's car as part of his plan to surprise and attack her as she left

---

[2] The Supreme Court has held that "[b]efore evidence of prior difficulties or quarrels [between the defendant and the victim] can be presented to a jury, the trial court must conduct a hearing pursuant to Uniform Superior Court Rule 31.3 (B) just as it must do with respect to independent offenses or acts." *Maxwell v. State*, 262 Ga. 73, 75 (414 SE2d 470) (1992).

her condominium. "[A]cts and circumstances forming a part or continuation of the main transaction are admissible as res gestae and it does not matter that the act is another criminal offense." (Citation and punctuation omitted.) *Mobley v. State*, 218 Ga. App. 739, 741 (3) (463 SE2d 166) (1995). Accordingly, evidence regarding the theft of the car and car keys was admissible, not as similar transaction evidence, but as part of the main transaction.

With respect to the hang-up calls, McLeod did not testify as to who she believed made the calls. Her roommate, Dickinson, testified that Stirrat denied making the calls. "We do not think that the described conduct rises to the level of a [similar transaction or] prior difficulty," requiring notice and a hearing under USCR 31.3. (Footnote omitted.) *Wellons v. State*, 266 Ga. 77, 86 (12) (463 SE2d 868) (1995). Moreover, given the direct identification of Stirrat as the assailant, "it is highly probable that admission of the evidence did not contribute to the verdict," and any error in allowing the testimony was thus harmless. Id. at 86, n. 2.

3. Stirrat contends the court erred by failing to give his requested jury charge on voice identification. However, "[t]he trial court fully charged the jury on identification using the pattern charge which included the essential points in the proposed instruction. [Cit.] It is not necessary to charge the exact language requested when the pertinent principles are covered." *Rhodes v. State*, 221 Ga. App. 792, 794 (5) (470 SE2d 790) (1996). Furthermore, Stirrat does not specify how he was harmed by the court's failure to charge in the exact language requested. Accordingly, this enumeration is without merit.

4. Stirrat contends the court erred in failing to grant his motion for new trial. As such contention is based upon the alleged errors discussed above, this enumeration is without merit.

*Judgment affirmed. Pope, P. J., and Johnson, J., concur.*

DECIDED MAY 5, 1997 — 

 Before Judge Bodiford.

*Jimmy D. Berry, Alan C. Manheim*, for appellant.

*Thomas J. Charron, District Attorney, Thomas A. Cole, Nancy I. Jordan, Debra H. Bernes, Assistant District Attorneys*, for appellee.