A98A0772, A98A0773. BROOKS v. THE STATE (two cases).
(501 SE2d 286)

BLACKBURN, Judge.
On October 1, 1993, James Brooks was convicted for committing the crimes of child molestation and incest against his minor daughter, C. B., and he was sentenced to 20 years of imprisonment. Brooks appeals, contending numerous errors. For the reasons set forth below, we affirm the convictions.

1. In his first and twenty-second enumerations of error, Brooks contends that it was improper for the trial judge to instruct the jury that "[y]ou should consider with great care and caution the evidence of any statements made by the defendant. The jury may believe any statement in whole or in part, believing that which you find to be true and rejecting that which you find to be untrue." This charge is virtually identical to the one set out in the Suggested Pattern Jury Instructions for Criminal Trials. As such, we find no error.

2. In his second enumeration of error, Brooks contends that the trial judge improperly allowed C. B. to use his chambers during the course of the trial and allowed his secretary to escort C. B. to lunch. More specifically, Brooks contends that these actions violated Uniform Superior Court Rule 4.1 which states that "judges shall neither initiate nor consider *ex parte* communications by interested parties or their attorneys concerning a pending or impending proceeding." Brooks offers no evidence that any such prohibited communications took place. To the contrary, he admits that he has no knowledge of ex parte communications, if any, that occurred between the victim and the judge in this matter. Accordingly, Brooks' claim is meritless.

3. In his third enumeration of error, Brooks contends that the trial court improperly granted the State's motion to quash his subpoena for records from the Department of Family & Children Services because such motion was not in writing. Even assuming that this was an error by the trial court, such error must be considered harmless, as Brooks has pointed to no specific document contained within the DFACS files which would have been relevant to his case. See *Davis v. State*, 209 Ga. App. 187, 190 (5) (433 SE2d 366) (1993). Indeed, Brooks admits that he has no real idea as to what such files contained. Accordingly, this enumeration has no merit.

4. In his fourth and twenty-first enumerations of error, Brooks contends that the trial court erroneously admitted the testimony of S. W. concerning similar transaction evidence because it did not conduct a hearing out of the presence of the jury regarding S. W.'s credibility. The record indicates that the trial court provided Brooks with the opportunity to have such a hearing; however, Brooks failed to produce any witnesses. "Moreover, given the direct identification of [Brooks by his daughter] as the assailant, it is highly probable that admission of the evidence [complained of] did not contribute to the verdict, and any error in allowing the testimony was thus harmless." (Punctuation omitted.) *Stirrat v. State*, 226 Ga. App. 350, 353 (2) (b) (486 SE2d 640) (1997).

5. In his fifth enumeration of error, Brooks contends that the State knowingly entered perjured testimony. Specifically, Brooks contends that Detective M. C. Hendrix perjured himself because his testimony was contradicted by another witness during trial. The record, however, does not support Brooks' claim, as there is no evidence that Hendrix knowingly and wilfully gave false testimony. See OCGA § 16-10-70.

6. In his sixth enumeration of error, Brooks contends that the trial court committed error by failing to grant his motion for funds to examine blood evidence showing that he fathered E. B., the child of his daughter V. B. "The rule in this state is clear. The granting or denial of a motion for appointment of expert witnesses lies within the sound discretion of the trial court. Unless there has been an abuse of discretion, the trial court's ruling will be upheld." (Punctuation omitted.) *Jackson v. State*, 249 Ga. 751, 755 (295 SE2d 53) (1982). In *Thornton v. State*, 255 Ga. 434 (339 SE2d 240) (1986), our Supreme Court held that the defendant therein should have been granted funds for an expert. However, the court specifically limited its holding, stating "[t]he ruling of this case cannot serve as a basis for wide-ranging demands on behalf of indigent defendants for scientific investigative funds. This case is, assuredly, far from the normal, in that, so far as has been made to appear to us, the evidence we have discussed is the only connecting link between Thornton and the homicide. Further, the record establishes that the possible scientific proof to be offered by the state is highly unusual in nature, *as opposed to evidence such as blood samples*, ballistic reports, and other routine scientific analyses." (Emphasis supplied.) Id. at 435 (4). In this case, there was a great deal of evidence linking Brooks to the crimes against his daughter C. B., including C. B.'s testimony which was supported and corroborated by several other witnesses without reference to the blood evidence. Clearly, then, as Brooks sought funds to examine blood samples which did not constitute the only link between him and the crimes of which he was accused, the trial court

did not abuse its discretion in denying Brooks' request.

7. In his seventh enumeration of error, Brooks contends that he received ineffective assistance of counsel because the jury was not polled and defense counsel did not object. "[Brooks] has cited us to no authority requiring trial counsel, in order to effectively represent his client, to poll the jury. . . . [W]e do not agree with [Brooks] that [his] counsel was ineffective." *Malerba v. State*, 172 Ga. App. 457, 458 (1) (323 SE2d 666) (1984). This enumeration is meritless.

8. In his eighth enumeration of error, Brooks contends that the trial court erred by not holding a presentence hearing. The record, however, indicates the trial court inquired as to whether there were other matters to be addressed prior to sentencing and the defendant responded negatively. This has been found to be sufficient. See *McLelland v. State*, 203 Ga. App. 93, 96-97 (13) (416 SE2d 340) (1992).

9. In his ninth enumeration of error, Brooks contends that the trial court's revocation of his bond denied him the right to assist his counsel at trial. Brooks, however, has not provided this Court with any evidence of what assistance he could have given or whether such assistance could have changed the outcome of his trial. See generally *Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984). This enumeration, therefore, must be rejected.

10. In his tenth enumeration of error, Brooks contends that it was error for the trial court not to immediately hold a hearing on his claim of ineffective assistance of counsel the moment he raised the issue during the pendency of his trial. Brooks filed an action in the United States District Court attempting to enjoin his trial from proceeding on the basis that his counsel was not prepared for trial. In essence, Brooks contends that his claim for ineffective assistance should have been heard in the middle of rather than at the end of his trial. Brooks, however, has pointed us to no authority which supports this claim. We note, however, that an ineffective assistance of counsel claim is properly brought after a trial has been concluded and a verdict has been issued. As a practical matter, it is impossible to determine, prior to the result of the representation, whether such representation was ineffective. As such, this enumeration is meritless. We also note that Brooks' counsel testified that, contrary to Brooks' claims, she was ready for trial at a subsequent hearing concerning revocation of Brooks' bond.

11. In his eleventh enumeration of error, Brooks contends that his character was improperly placed into evidence by testimony that he abused his children. Specifically, Brooks argues that he was charged only with sex crimes and that the evidence of abuse was extraneous to the crimes with which he was charged. This contention is meritless. As an initial matter, we note that Brooks did not object

to this evidence during trial. To the contrary, Brooks cross-examined some witnesses with regard to abuse occurring within his home. Furthermore, "[t]he state is entitled to present evidence of the entire res gestae of the crime. Even though a defendant is not charged with every crime committed during a criminal transaction, every aspect of it relevant to the crime charged may be presented at trial. This is true even if the defendant's character is incidentally placed in issue." (Punctuation omitted.) *Burton v. State*, 212 Ga. App. 100 (1) (441 SE2d 470) (1994). This contention, therefore, has no merit.

Brooks also contends that the State improperly likened him to David Koresh, the deceased leader of the cult of Branch Davidians, in closing arguments. This contention also has no merit. "The permissible scope of [closing] argument is vast: counsel may draw from the evidence properly before the factfinder any inference apparently reasonable and legitimate. Counsel should be allowed considerable latitude of speech; and so long as extraneous facts are not injected or improper language used, the trial judge should not interfere. Upon the facts in the record, and upon the deductions the attorney may choose to draw therefrom, an attorney may make almost any form of argument the attorney desires. That the deductions set forth by counsel may be illogical, unreasonable, or even absurd, is matter for reply by adverse counsel, and not for rebuke by the court." (Citations and punctuation omitted.) *Morgan v. State*, 267 Ga. 203 (1) (476 SE2d 747) (1996). In this case, there was evidence that Brooks, a minister, manipulated his children by telling them that he was a prophet of the Lord. As such, the State's closing argument was not improper.

12. In his twelfth enumeration of error, Brooks contends that his sentence of twenty years constituted cruel and unusual punishment. Brooks' sentence, however, was within the statutory limits for the crimes of which he was convicted. See OCGA § 16-6-4. Therefore, this enumeration of error is meritless.

13. In his thirteenth, fourteenth, and fifteenth enumerations of error, Brooks contends that the trial court erroneously failed to suppress blood test results showing him to be the father of E. B., the child of his daughter V. B. Specifically, Brooks argues that the blood tests were fraudulently administered, involuntary, and improperly admitted in the absence of a showing of a chain of custody. We note that Brooks did not object to chain of custody during trial. As such, this contention must be considered to be waived. *Newton v. State*, 226 Ga. App. 501, 503 (3) (486 SE2d 715) (1997). Pretermitting the efficacy of Brooks' remaining contentions, a reversal of his conviction would not be required in light of other overwhelming evidence that he committed the crimes of incest and child molestation against C. B., whose direct testimony that her father molested her and had

sexual intercourse with her was corroborated by numerous other witnesses. *Toledo v. State*, 216 Ga. App. 480, 482-483 (5) (455 SE2d 595) (1995).

14. In his sixteenth enumeration of error, Brooks contends that the denial of his motion for new trial must be reversed because the trial judge who ruled on his motion for new trial could not certify that he had read the trial transcript. However, the record shows that Brooks, himself, had been in possession of the needed transcript, and would not relinquish control of it, even though he had been ordered by the trial court to do so. Therefore, this enumeration of error must be rejected.

15. In his seventeenth enumeration of error, Brooks contends that he received ineffective assistance of counsel. "In order to establish ineffectiveness of trial counsel under *Strickland v. Washington*, [supra at 687], [Brooks] must show both that counsel's performance was deficient and that the deficient performance prejudiced the defense. See also *Bowley v. State*, 261 Ga. 278 (4) (404 SE2d 97) (1991). Unless a defendant makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversary process that renders the result unreliable." (Punctuation omitted.) *Stephens v. State*, 265 Ga. 120, 121-122 (2) (453 SE2d 443) (1995). In addition, "[t]here is a strong presumption that trial counsel's performance falls within the wide range of reasonable professional assistance and that any challenged action might be considered sound trial strategy. *In the absence of testimony to the contrary*, counsel's actions are presumed strategic. The trial court's determination that an accused has not been denied effective assistance of counsel will be affirmed on appeal unless that determination is clearly erroneous." (Punctuation omitted; emphasis supplied.) *Binion v. State*, 222 Ga. App. 333, 334 (1) (474 SE2d 208) (1996). It is not necessary to address specifically and individually each and every one of Brooks' numerous allegations of ineffective assistance of counsel. Brooks has neither satisfied his burden under *Strickland*, nor has he provided this Court with testimony from the attorney whom he claims to have been ineffective. As such, Brooks' claims with regard to ineffectiveness of his trial counsel are without merit.

16. In his eighteenth enumeration of error, Brooks contends that he was denied a hearing on his claims for ineffective assistance of counsel at his motion for new trial. The record shows that, in accordance with an order issued by the United States District Court which Brooks himself sought and obtained, Brooks was given a motion for new trial hearing at which he had the opportunity to present evidence regarding his claims for ineffective assistance of counsel. Brooks, however, failed to subpoena any witnesses to appear at this

hearing, including his trial and appellate counsel.[1] As a result, "only those matters which relate to alleged errors made during the course of the trial as shown by the transcript can be reviewed." *Harkness v. State*, 225 Ga. App. 864, 866 (2) (485 SE2d 810) (1997).

17. In his nineteenth enumeration of error, Brooks contends that his convictions should be reversed because there was undue delay in the hearing of his motion for new trial. The record reveals, however, that this delay was largely due to Brooks' own actions and delay tactics. Accordingly, Brooks' claim in this regard has no merit. See generally *Barker v. Wingo*, 407 U. S. 514 (92 SC 2187, 33 LE2d 101) (1972).

18. In his twentieth enumeration of error, Brooks contends that the trial court abused its discretion by allowing the State to bolster the credibility of its witnesses. See OCGA § 24-9-84. Pretermitting the efficacy of Brooks' claim, "even if we were to construe the witness' testimony as improper bolstering, we hold that in the context of the evidence as a whole, it is highly probable that the testimony in question did not contribute to the verdict." (Punctuation omitted.) *Knight v. State*, 207 Ga. App. 846, 847 (1) (429 SE2d 326) (1993).

19. Finally, Brooks argues that the trial court erred in denying his motion for supersedeas bond, contending, among other things, that the court applied an improper standard of law in reaching its decision and that he received ineffective assistance of standby counsel. All arguments advanced by Brooks are meritless.

"The burden of seeking a stay of execution and a release on bond is upon the applicant. Thus under *Birge* [*v. State*, 238 Ga. 88 (230 SE2d 895) (1976)], the trial court should not grant bond pending appeal unless the applicant presents sufficient information, evidence, or argument to convince the trial court that an affirmative response is not appropriate as to any of the *Birge* criteria. Also, the trial court may consider the evidence adduced at trial that is pertinent to this determination." *Jarrett v. State*, 222 Ga. App. 521, 522 (474 SE2d 702) (1996). An appellate court will not question the trial court's discretion unless it has been flagrantly abused. *Wade v. State*, 218 Ga. App. 377, 378 (2) (461 SE2d 314) (1995).

Brooks argues that the trial court improperly based its decision to deny supersedeas bond on OCGA § 17-6-1 (g). Based on this Code section, the decision whether to grant Brooks an appeal bond is placed within the discretion of the trial judge. Here, based on the nature of Brooks' crimes against his own children, we find no abuse of discretion in the denial of his bond.

---

[1] Because the order from the Federal Court obtained by Brooks required that his hearing be held in 30 days, the trial court could not have given Brooks a continuance to subpoena witnesses.

Brooks' argument that he was denied effective assistance of standby counsel is also meritless. "[T]he complaints [Brooks] raises about [standby] counsel's performance . . . occurred [while Brooks] was representing himself. He is therefore barred from raising those complaints on appeal." *Wakily v. State*, 225 Ga. App. 56, 58 (3) (483 SE2d 313) (1997). Furthermore, we note that Brooks himself testified that his standby counsel had been extremely helpful at his motion for new trial.

20. As the State's reply briefs were filed untimely in this matter, we grant Brooks' motion to strike such briefs, and they have not been considered for purposes of this appeal. Accordingly, we also do not consider Brooks' responses to the State's reply briefs.

*Judgment affirmed. McMurray, P. J., and Eldridge, J., concur.*

DECIDED APRIL 7, 1998 — 

*David D. Bishop*, for appellant.
James Brooks, *pro se*.
*Paul L. Howard, Jr., District Attorney, Peggy R. Katz, Assistant District Attorney*, for appellee.