### A98A1171. BUSCH v. THE STATE.
(507 SE2d 868)

McMURRAY, Presiding Judge.

Defendant was charged with seven counts of aggravated assault (Counts 1, 2, 7, 12, 14, 17 and 20), five counts of armed robbery (Counts 3, 4, 8, 15 and 18), seven counts of possession of a firearm during the commission of a crime (Counts 5, 6, 9, 13, 16, 19 and 21), one count of theft by taking a motor vehicle (Count 10) and one count of criminal attempt to commit armed robbery (Count 11). The evidence adduced at a jury trial reveals that these charges are based on five ambush-type assaults which occurred in Warner Robins, Georgia, on December 19 and 20, 1994. Four of the attacks occurred in parking areas outside the victims' homes; one occurred in a convenience store parking area, and all five were committed after dark between 8:30 and 9:45 p.m.

Counts 1 through 6 of the indictment are based on assaults and armed robbery of Charles Gremillion and Karen Gremillion, respectively, as well as possession of a firearm during the commission of a crime. These crimes occurred at about 9:30 p.m. on December 19, 1994, in the parking area outside the Gremillions' home. The Gremillions' testimony reveals that defendant and an accomplice ambushed the couple just after they parked their car and that defendant used a handgun to compel the Gremillions to give up their valuables.

Counts 7 through 10 of the indictment are based on an incident which occurred a few minutes after the Gremillion assaults. James Aubrey Lovett, Jr. testified that defendant approached him in a convenience store parking lot, pointed a gun at him and ordered him to give up his wallet. Lovett explained that he did not give up his wallet, but that defendant got away with his car.

Counts 11 through 13 of the indictment are based on an incident which occurred outside Jay Baker's home at about 8:45 p.m. on December 20, 1994. Baker testified that defendant and an accomplice appeared just after he exited his car; that defendant ordered him to give up his wallet and that, when he refused, defendant shot him.

Counts 14 through 16 of the indictment are based on an incident which occurred at Debbie Struth's home at about 9:03 p.m. on

December 20, 1994. Struth testified that defendant appeared in her garage just after she parked her car; that defendant pointed a gun at her and that defendant seized her valuables.

Counts 17 through 21 of the indictment are based on assaults against Kim Veal and Ginger Huff about 30 minutes after the assault of Debbie Struth. Veal testified that she and her 15-year-old sister, Ginger Huff, arrived at her parents' house after dark on December 20, 1994; that defendant appeared just after she parked her car and that defendant forced her to give up her valuables. Huff testified that defendant pointed a gun at her during this assault.

The jury found defendant guilty of all 21 counts of the indictment. This appeal followed the denial of defendant's motion for new trial. *Held*:

1. Defendant challenges the sufficiency of the evidence as to the crimes against Jay Baker and Kim Veal under Counts 11, 12, 13, 17, 18 and 19 of the indictment, arguing that these victims did not see him in possession of a handgun when they were assaulted. This argument is without merit.

The State had to prove that defendant was in possession of a firearm during the assaults of Jay Baker and Kim Veal, not that these victims were aware of defendant's possession of a firearm. This is so because awareness is not an essential element of the challenged offenses, i.e., aggravated assault, armed robbery, criminal attempt to commit armed robbery and possession of a firearm during the commission of a crime. OCGA §§ 16-5-21; 16-8-41 (a); 16-4-1; 16-11-106. See *Sutton v. State*, 245 Ga. 192 (1), 193 (264 SE2d 184); *Brown v. State*, 200 Ga. App. 537 (1) (408 SE2d 836).

Jay Baker's testimony that defendant shot him when he refused to give defendant his wallet; Kim Veal's testimony that defendant forced her to give up her purse and Ginger Huff's testimony that defendant was holding a handgun during this assault authorizes the jury's finding that defendant is guilty, beyond a reasonable doubt, of the crimes charged in Counts 11, 12, 13, 17, 18 and 19 of the indictment. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. Defendant contends the State failed to prove venue as to the crimes charged in Counts 7, 8, 9, 10, 17, 18, 19, 20 and 21 of the indictment. We do not agree. Because venue was not challenged at trial, testimony from the law enforcement officer who investigated these offenses that he was employed in the county where defendant was tried satisfied the State's burden as to venue under Counts 7, 8, 9, 10, 17, 18, 19, 20 and 21 of the indictment. *Joiner v. State*, 231 Ga. App. 61 (497 SE2d 642).

3. Defendant contends Karen Gremillion's and Debbie Struth's in-court identification of him as their assailant was tainted because defendant was the only person of his race seated at the defense table.

This contention is without merit for the reasons given in *Ralston v. State*, 251 Ga. 682, 683 (2) (309 SE2d 135). Karen Gremillion's and Debbie Struth's testimony indicate that they had ample opportunity to observe defendant at close range during their respective assaults. Further, both Karen Gremillion and Debbie Struth were subject to cross-examination concerning the basis for their in-court identifications and their ability to observe defendant during the crime. These circumstances authorized the jury's consideration of the identification testimony at issue. See *Moore v. State*, 268 Ga. 420, 421 (1) (489 SE2d 842).

4. Defendant seeks resentencing, asserting that the aggravated assault charges which involve the same victim as the armed robbery charges merge as a matter of fact.

(a) *The James Lovett Incident.* The trial court did not err in failing to merge the aggravated assault of James Lovett as charged in Count 7 of the indictment with the armed robbery of Lovett as charged in Count 8 of the indictment. The record shows that the aggravated assault charge is based on proof that defendant pointed a handgun at Lovett for the purpose of taking his wallet. The armed robbery charge is based on proof that defendant took Lovett's car after this assault was complete. See *Culver v. State*, 230 Ga. App. 224, 232 (9) (496 SE2d 292).

(b) *The Charles Gremillion and Karen Gremillion Incident.* The State concedes that the aggravated assault of Charles Gremillion charged in Count 1 of the indictment merges as a matter of fact for sentencing purposes with the armed robbery of Mr. Gremillion charged in Count 3 of the indictment. The State also concedes that the aggravated assault of Karen Gremillion charged in Count 2 of the indictment merges as a matter of fact for sentencing purposes with the armed robbery of Ms. Gremillion charged in Count 4 of the indictment. Accordingly, the sentences under these counts are hereby vacated, and the case sub judice is remanded for resentencing under Counts 3 and 4 of the indictment.

(c) *The Debbie Struth Incident.* The State concedes that the aggravated assault of Debbie Struth charged in Count 14 of the indictment merges as a matter of fact for sentencing purposes with the armed robbery of Struth charged in Count 15 of the indictment. Accordingly, the sentences under these counts are hereby vacated, and the case sub judice is remanded for resentencing under Count 15 of the indictment.

(d) *The Kim Veal Incident.* The State concedes that the aggravated assault of Kim Veal charged in Count 17 of the indictment merges as a matter of fact for sentencing purposes with the armed robbery of Veal charged in Count 18 of the indictment. Accordingly, the sentences under these counts are hereby vacated, and the case

sub judice is remanded for resentencing under Count 18 of the indictment.

5. The State concedes that the trial court erred in sentencing defendant under Count 10 of the indictment for theft by taking because this charge merged with defendant's conviction under Count 8 for armed robbery. Accordingly, defendant's sentences under Counts 8 and 10 of the indictment are hereby vacated, and the case sub judice is remanded for resentencing under Count 8 of the indictment.

6. The trial court did not err in sentencing defendant to seven consecutive five-year sentences for being convicted of possession of a firearm during the commission of a crime under Counts 5, 6, 9, 13, 16, 19 and 21 of the indictment. OCGA § 16-11-106 (b) provides that any sentence imposed for being convicted of being in possession of a firearm during the commission of a felony is "to run consecutively to any other sentence which the person has received." Contrary to defendant's sixth enumeration of error, the trial court did not have discretion to impose concurrent five-year sentences for defendant's convictions under Counts 5, 6, 9, 13, 16, 19 and 21 of the indictment. See *Hartman v. State*, 266 Ga. 613, 615 (5) (469 SE2d 163).

7. Defendant claims he was denied the effective assistance of trial counsel. " 'In order to establish ineffectiveness of trial counsel under *Strickland v. Washington*, [466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984), defendant] must show both that counsel's performance was deficient and that the deficient performance prejudiced the defense. See also *Bowley v. State*, 261 Ga. 278 (4) (404 SE2d 97) (1991). Unless a defendant makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversary process that renders the result unreliable.' (Punctuation omitted.) *Stephens v. State*, 265 Ga. 120, 121-122 (2) (453 SE2d 443) (1995). In addition, '(t)here is a strong presumption that trial counsel's performance falls within the wide range of reasonable professional assistance and that any challenged action might be considered sound trial strategy. *In the absence of testimony to the contrary*, counsel's actions are presumed strategic. The trial court's determination that an accused has not been denied effective assistance of counsel will be affirmed on appeal unless that determination is clearly erroneous.' (Punctuation omitted; emphasis supplied.) *Binion v. State*, 222 Ga. App. 333, 334 (1) (474 SE2d 208) (1996). It is not necessary to address specifically and individually each and every one of [defendant's] numerous allegations of ineffective assistance of counsel [in the case sub judice]." *Brooks v. State*, 232 Ga. App. 115, 119 (15) (501 SE2d 286). After reviewing all of defendant's assertions, studying defendant's testimony at the hearing on his ineffective assistance of counsel claims and examining defendant's trial counsel's testimonial

responses to defendant's ineffective assistance of counsel assertions at this hearing, we find that the trial court did not erroneously deny defendant's motion for new trial based on ineffective assistance of counsel. Because defendant did not satisfy his burden under *Strickland v. Washington*, 466 U. S. 668, supra, his ineffective assistance of counsel claims are without merit.

*Judgment affirmed in part and vacated in part and case remanded for resentencing. Blackburn and Eldridge, JJ., concur.*

DECIDED OCTOBER 16, 1998 — ▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*Elizabeth Lane*, for appellant.

*Kelly R. Burke, District Attorney, Amy E. Lambert, Assistant District Attorney*, for appellee.