## A99A1370. CROSBY v. THE STATE.
(522 SE2d 571)

POPE, Presiding Judge.

William Crosby was tried and convicted of two counts of incest. He appeals, and for the following reasons, we affirm.

Viewing the evidence in the light most favorable to the verdict, it showed that Crosby engaged in repeated acts of intercourse between 1993 and May 1996, with the victim, his stepdaughter. A Child Protection Services worker for the Bryan County Department of Family & Children Services testified that Crosby had been engaging in sexual intercourse with the victim for approximately three years. The victim's examining physician testified that her examination of the victim was consistent with the alleged crime. The victim, who suffered from muscular dystrophy and was mildly retarded, also testified that Crosby had repeatedly had sexual intercourse with her. The victim's sister corroborated the victim's testimony.

1. In his first enumeration, Crosby contends that the trial court erred in admitting into evidence nude photographs of the victim which were not produced to him at least ten days before trial, as required by Uniform Superior Court Rule 31. Crosby also argues that the court's failure to hold a hearing on this evidence as required by USCR 31 mandated its exclusion. Crosby contends that the evidence served no purpose except to reflect poorly on his character.

The seven photographs introduced at trial were nude photographs which were taken of the victim and her siblings. When the State introduced the photographs, a bench conference between the attorneys was held, during which defense counsel stated that he had just been made aware of the photographs, which had been found during a police search of the house. Defense counsel argued that the evidence was irrelevant, inflammatory and that the photographs had not been properly authenticated. When Crosby testified at trial, he denied that he took the photographs. At trial, Crosby failed to object to the photographs on the basis that he was not afforded notice or a hearing as to this evidence. And, we note that in light of the Supreme Court's decision in *Wall v. State*, 269 Ga. 506 (500 SE2d 904) (1998), it is unlikely that such a hearing was necessary. Nevertheless, pretermitting the issue of whether Crosby waived his arguments as to notice and a hearing,[1] whether a hearing was required, and

---

[1] In *Stirrat v. State*, 226 Ga. App. 350, 352 (2) (a) (486 SE2d 640) (1997), this court stated that "the defendant's failure to object to the admission of similar transaction evidence on the basis that a Rule 31.3 (B) hearing was not conducted does not constitute a waiver of the procedure dictated by Rule 31.3 (B) and does not preclude our consideration of this issue on appeal." Nevertheless, this court recognized that the Supreme Court has "called into question the continued vitality of this rule, at least with respect to cases involving evidence of prior difficulties between the defendant and the victim." Id. at 352. See, e.g., *Hartman v.*

whether these photographs constitute "similar transaction" evidence,[2] we conclude that any alleged error was harmless. In other words, in light of the overwhelming evidence of Crosby's guilt, it is highly probable that the admission of the evidence in question did not contribute to the verdict. See *Brooks v. State*, 232 Ga. App. 115, 116 (4) (501 SE2d 286) (1998).

2. In his second enumeration, Crosby claims that the evidence is insufficient to support the verdict. We disagree and find that a rational trier of fact could find from the evidence adduced at trial proof of Crosby's guilt of incest beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Smith and Eldridge, JJ., concur.*

DECIDED SEPTEMBER 16, 1999 —

*Lloyd D. Murray*, for appellant.

*J. Thomas Durden, Jr., District Attorney, James S. Archer, Assistant District Attorney*, for appellee.

---

*State*, 266 Ga. 613, 614 (2) (469 SE2d 163) (1996); *Williams v. State*, 267 Ga. 308, 309-310 (477 SE2d 570) (1996); see also *State v. Belt*, 269 Ga. 763 (505 SE2d 1) (1998).

[2] See *Johnson v. State*, 222 Ga. App. 722, 724-725 (2) (475 SE2d 918) (1996); *Touchton v. State*, 210 Ga. App. 700 (2) (437 SE2d 370) (1993).