### A04A0385. SWAIN v. THE STATE.
(601 SE2d 491)

BARNES, Judge.

Following a jury trial, Mark Swain was found guilty of aggravated assault and sentenced to 20 years. Swain represented himself at trial. He now appeals the denial of his new trial motion,[1] contending that the trial court erred in admitting lay testimony regarding blood splatters and that he was not served with notice of aggravation. Because we find the evidence of guilt overwhelming, and any error harmless, we affirm Swain's conviction.

We view the evidence on appeal in the light most favorable to the verdict, and no longer presume the defendant is innocent. We do not weigh the evidence or decide the witnesses' credibility, but only determine if the evidence is sufficient to sustain the convictions. *Taylor v. State*, 226 Ga. App. 254, 255 (485 SE2d 830) (1997).

So construed, the evidence demonstrates that on May 26, 1998, Swain's mother was brutally beaten at her home. A witness testified that when he visited the victim that day, Swain was there and she was preparing dinner for him. He went outside because the conversation appeared personal. While he was waiting outside, the conversation got louder. The witness heard Swain shouting and became uneasy. He drove to the home of a close friend of Swain's mother and told her what happened, and that he was concerned. They called the mother's home, and when no one answered, went back to her home to check on her. When Swain's mother answered the door, she was nude from the waist up with a towel thrown around her torso, and she had "very, bloody, bloody black eyes," and "you could tell she had been brutally beaten." When Swain came back into the home, the witness noticed that Swain's fist was "all scratched," and his clothes were bloody.

The responding police officer asked Swain what had happened, and Swain told him that his "mama had been beaten." He also said that "if he didn't love her, he would've killed her." He showed the officer his scratched knuckles and said "look what she done to me." The officer also observed blood splatters on Swain's shoes and the bottom of his pants' legs. A forensics expert testified at trial that the

---

[1] Although Swain's new trial motion was denied, the trial court ordered a resentencing hearing, noting that Swain should have received credit for time served pursuant to OCGA § 17-10-11.

blood on Swain's shoes belonged to his mother. Swain's mother said that on the afternoon of the attack, she and Swain were discussing his probation and the $7,000 that he needed for several bad check convictions. She testified that the last thing she remembers is saying, "Mark, I don't have seven thousand dollars."

Swain was indicted for one count of aggravated assault. He was appointed trial counsel, but after voir dire on the first day of trial, he dismissed his appointed counsel and represented himself at trial. The trial court requested that Swain's former counsel remain in the courtroom to be available if Swain changed his mind or needed to consult him.

1. Swain first complains that "[l]ay testimony was admitted repeatedly about blood splattering and the ultimate issue testified to by those witnesses." He asserts that only Bill Fowler, the expert witness on blood splatters, should have been permitted to testify about blood splatter analysis.

At the outset we note that Swain's brief does not comply with the rules of this Court. Swain's argument relating to the admission of blood splatter evidence, in totality, is that:

> Of the 19 exhibits tendered and admitted, 13 were photos with blood. All exhibits, but S-18 (Bad checks) were blood related. Blood splatter patterns were a major point in the States [sic] case. If qualified as an expert through training or experience, one may be permitted to testify about "blood splatter" analysis. See [*Hester v. State*, 272 Ga. 197 (528 SE2d 501) (2000).] Here, Bill Fowler was tendered as an expert after foundational questions were asked, (T-268, L.) Vol. 2. All other testimony was lay opinion and should have been ruled inadmissible.

Pursuant to Court of Appeals Rule 27 (a), (c) (3), the appellant's brief is required to include the material facts relevant to the appeal and the citation of such parts of the record or transcript essential to a consideration of the errors complained of, and a statement of the method by which each enumeration of error was preserved for consideration. Record and transcript citations must be to the volume or part of the record or transcript and the page numbers that appear on the appellate records or transcript as sent from the court below. An assertion of error followed by a case citation is not legal analysis which "is, at a minimum, a discussion of the appropriate law as applied to the relevant facts." (Citation and punctuation omitted.) *Higgins v. State*, 251 Ga. App. 175, 178, n. 3 (554 SE2d 212) (2001). "Our requirements as to the form of appellate briefs were created, not

to provide an obstacle, but to aid parties in presenting their arguments in a manner most likely to be fully and efficiently comprehended by this Court." *Aldalassi v. Drummond*, 223 Ga. App. 192 (1) (477 SE2d 372) (1996).

Pretermitting the deficiencies in Swain's appellate brief, our review of the record reflects that he waived any error by failing to timely object during any of the blood splatter testimony.

The chief of police of Wrightsville participated in the criminal investigation and testified that he observed blood splatters on the victim's kitchen cabinets. He said that "a blow comes into contact, for instance, a fist to a head, blood would splatter from the wound." He also testified that because the splatter was not up high, it indicated the victim was on the floor. There was no objection to this testimony. A Georgia Bureau of Investigation (GBI) agent testified at length about his investigation and the blood splatter found in the kitchen. There was no objection to this testimony. A GBI crime scene specialist also testified about the blood splatter, indicating that based on his training and investigation methods, medium-force blows would produce blood splatters like the ones on the crime scene. Swain never objected to any of the testimony.

"It is well-settled in this state that it is too late to urge objections to the admission of evidence after it has been admitted without objection." (Citation and punctuation omitted.) *Rupert v. State*, 239 Ga. App. 128, 131 (1) (a) (520 SE2d 695) (1999). Since Swain failed to object to the comments, he waived review of this alleged error on appeal. *Mullins v. State*, 270 Ga. 450 (2) (511 SE2d 165) (1999); see *Kegler v. State*, 267 Ga. 147, 149 (5) (475 SE2d 593) (1996) (pro se defendant's failure to object or to reserve right to raise objections later to the trial court's charge precludes appellate review of such charge).

Even if the issue had not been waived, we conclude that any alleged error was harmless given the overwhelming evidence of Swain's guilt, including the testimony of Swain's sister, Swain's statement to police, and his mother's blood on his sneakers. See *Crosby v. State*, 240 Ga. App. 84, 85 (1) (522 SE2d 571) (1999).

2. Swain also contends that he was not served with a notice of aggravation as required by OCGA § 17-10-2 (a), and that the trial court improperly took notice of Swain's Georgia Crime Information Center (GCIC) criminal history.

It is uncontroverted that the State did not provide Swain with notice of aggravation. At the sentencing hearing, the trial court notified the State that it would "hear from any evidence the State wishes to offer in aggravation." The State responded, "We would tender the record check. Does the Court have a copy of that?" The trial

court responded affirmatively, and later noted that Swain had convictions "for carrying a deadly weapon to a public gathering, possession of firearms on a school campus, for which you were placed on a five-year term of probation, beginning with intensive probation, revocations based upon offenses during that time of probation." In pronouncing the sentence the trial court noted, "With all these factors combined together and given the nature of the offense involved in this case, it does appear to the Court that the twenty-year sentence is the appropriate sentence in this case." At no time in the proceedings did Swain offer an objection.

Under OCGA § 17-10-2 (a), in cases not involving the death penalty or life without parole, the judge is required to conduct a presentencing hearing to consider additional evidence. The statute provides that this evidence may include "the record of any prior criminal convictions and pleas of guilty or nolo contendere of the defendant, . . . provided that only such evidence in aggravation as the [S]tate has made known to the defendant prior to the defendant's trial [is] admissible." Id.; see *Hatcher v. State*, 224 Ga. App. 747, 750 (2) (a) (482 SE2d 443) (1997).

While the State maintains that it never argued that the GCIC should be used in aggravation, but "only offered the Trial Court a copy of [Swain's] criminal history," as noted above, it did so without notice to Swain of its intent to produce such evidence during presentencing. The State's assertion that its intent to introduce the evidence of Swain's prior offenses was negated somehow by its lack of verbal argument is disingenuous at best. That being so, however, Swain never objected during presentencing on the ground that he had received no notice; accordingly, "[a]ny issue concerning lack of notice has been waived." (Citations omitted.) *Head v. State*, 233 Ga. App. 655, 657 (3) (a) (504 SE2d 499) (1998); *Turner v. State*, 259 Ga. App. 902 (1) (578 SE2d 570) (2003).

"[Swain's] pro se status does not relieve him of the obligation to make timely objections and to comply with the procedural and substantive requirements of the law." (Citation omitted.) *Lopez v. State*, 259 Ga. App. 720, 724-725 (5) (578 SE2d 304) (2003).

*Judgment affirmed. Blackburn, P. J., and Mikell, J., concur.*

DECIDED JUNE 28, 2004.

*Green & Green, Judson L. Green IV*, for appellant.
*Ralph M. Walke, District Attorney, Peter F. Larsen, Assistant District Attorney*, for appellee.